*185 Opinion of the Court,
by Cii. J. Boyle.
THIS is an appeal taken by the defendants from judgment rendered for the plaintiff in an action of ejectment. Several exceptions were taken by the defendants in the progress of the trial in the court below; but they present points of no difficulty. 1
1st. The lessor of the plaintiff, it appears, proved that he had leased the land in controversy to the defendants, and that the term for which it had been leased, had expired before suit brought; and the court ed the jury, that a lardlord might maintain an action of ejectment against his tenant, who held over after the expiration of his lease, without showing any other title than his lease. Of the correctness of this instruction, there can be no doubt. The law is settled in England, and has been frequently recognized in this country, that in such an- action, the landlord cannot be *186 called upon to give any evidence of his title, anterior to the Iease> f°r having admited the title of the landlord by taking the lease, the tenant is thereby estopped from it.
If a lea-e is obtained by fraud, it is vord.
Judgment a defendant in a writ of tryf&c bar to the plaintiff’s by°ej?etment to recover ’ possession of the same land
The right land consists of the sion, right of and^right’of property.
The issue in £Vth? right to mere naked it is the of entry.
A verdict and judgment in an action of lower grade “°e^.anr ¡° onTof a'higher.
*186 2d. It appeared that the lessor of the plaintiff had is-the writ of habere facias possessionem upon a decree by him for the land in controversy, against Eip0t’s heirs, and that the sheriff was about to turn out the defendants, who held the possession under Elliot’s claim, without having any legal title, when they the lease from the lessor of the plaintiff; and the court instructed the jury, that if the defendants entered under Elliot’s claim, not having title, they were tenants at will, or at sufferance, and might be turned out of Possesi°n hy the sheriff, by virtue of the writ, whether they entered on the lands before or after the commencement of the suit; but that if the lease had been obtained Ey the lessor of the plaintiff through fraud, it was To this instruction we can see no solid objection. Certainly, if the defendants entered under Eb pot’s claim, without title, they could be no more than at the will of those having the legal title; and in that character, whether they entered before or after the bringing of the suit, the decree was equally obligat°ry UP0H them, and, of course, they might be lawfully evicted, by virtue of the habere facias possessionem which issued upon the decree. And of the tatter part of the jnstrut:tion, if either party had a right to complain, it ^le Iessor °f the plaintiff; for there was no evidence of fraud on his part, unless it were fraud for him to in-upon his right to the possession in virtue of the dec[-ee atid writ of habere facias possessionem, and this sure-cannot be contended to amount to fraud,
3d. The' only other point which we deem material to be noticed, is the rejection by the court of two reCOrds of judgments for the defendants, in proceedings had by the lessor of the plaintiff against them, for a for-entry and detainer of the land in dispute. In pie rejection of these as evidence, we perceive no er-It is very true, that a verdict and judgment in one is evidence an another action between the same parties, and in which the same point is in issue; but kere’ the same point is not in issue that was in issue in the action for the forcible entry and detainer. The right to lands is of various degrees, consisting of the *187 possession, the right of possession and the right of property; and the actions for the recovery of lands are, in like manner, of higher and, lower grades; some involving only the naked possession, some the right of posses-a sion, and others again involving the right of property;13 and it is an established principle, that a verdict and judgment in an action of a lower grade, is no bar to one of a higher. Now it is plain, that in a proceeding for. a forcible entry and detainer, under our act of assembly, it is the mere naked possession in fact which is put in issue, and, of course, the judgment in such case, can be no evidence in an action of ejectment, in which the right of entry is the point in issue.
Judgment affirmed with costs.