Chief Justice Robertson
delivered the Opinion of the Court.
Judge Marshall did not sit in this case.
At the same term of the same court, Forman obtained a judgment of eviction against John Kercheval and his
two sons (Lewis C. Kercheval and Franklin Kercheval;) and Ambler, in a separate action of ejectment, obtained a similar judgment against John Kercheval alone, for a part of the same tract of land.
Forman’s judgment was enforced by a habere facias; and he, thereupon, instantly, by written contract, leased the land to the three persons whom he had thus evicted.
Afterwards, the sheriff returned a habere facias, which had been issued on Ambler’s judgment, executed by delivering the possession, of so much of the land as he had recovered from John Kercheval, to William R. Beatty, as the attorney of Ambler. Beatty, having immediately left the land, with the avowed intention of putting a tenant on it, and believing afterwards, that John and Franklin Kercheval had tortiously entered upon it in his absence, brought a warrant against them, in the name of Ambler, for a forcible entry, and obtained a judgment, which this Court reversed, on the ground that, as Franklin Kercheval was not a party to Ambler’s ejectment, he could not have been lawfully evicted by the execution which had beep issued upon it, and, that, therefore, he was not guilty of the alleged forcible entry on Ambler’s possession. After the return of the cause to the Circuit Court, the suit having been abated as' to Franklin Kercheval, in consequence of his death, Ambler obtained another judgment for restitution against John Kercheval: to reverse which this appeal is prosecuted.
In revising the judgment, we shall not notice in detail fill the poipts presented in the record and relied on by *167 the appellant, but shall consider only such questions as will, when settled, dispose of the whole case in all the various aspects it exhibits.
Where a sheriff executes aha. fa and delivers the land to the plaintiff’s agent, the possession is the plt’f’s, Sr the fact that he prosecutes a writ of forcible entry, for a subsequent intrusion on the land, is sufficient evidence of the agent’s authority
The return upon a ha. fa. is conclusive between the parties, as to the land held by the def’t when thenoticein eject ment was served. The agent of the plt’f in a ha. fa. having received the possession, retire's and leaves the land; Whether he thus abandons the possession, or not, depends npon the quo animo; and his declarations, at the time, being part of the res gesta, are evidence of his intentions in that respect — If he did not intend to abandon—which a jury may infer from the evidence—the party for whom the possession was received, may, upon his constructive possession, maintain a writ of forcible entry.
First. If the possession was, in fact, delivered by the sheriff to the agent of Ambler, it was Ambler’s, and not bis agent’s, possession, and the warrant was properly sued out in the name and for the benefit of Ambler; because the possession was for his use alone, and was therefore his inlaw and in fact; and the fact that Ambler ratified the agency, by bringing this suit, is sufficient evidence of Beatty’s authority to take and hold the possession for him, in all respects, just as if he had himself been present and acted without the intervention of a representative. Speed vs. Ripperdan, 1 Litt. Rep. 189— 2 Starkie on Ev. 510.
Second. Nor can there be any doubt, on the score of authority, that, to the extent of John Kercheval’s possession when the notice in ejectment yvas served on him, the official return on the habere facias is conclusive between the same parties, as to the facts which it certifies; and the fact that Beatty did not continue on the land, is not, per se, proof of an abandonment of the actual possession; hut the possession in fact having been once rightfully vested, remained, in judgment of law, in Am-bier until a voluntary dereliction ora wrongful eviction. Whether there had been such voluntary abandonment, depends on the quo animo with which Beatty left the land; and his declarations at that time, being a part of the res gestee, were admissible as competent evidence. And if, as the jury had a right to infer, there had been no intentional dereliction, such a constructive possession in fact, as that continuing after the delivery by the sheriff, was sufficient for maintaining a warrant for forcible entry in consequence of any subsequent entry without the consent of Ambler or his agent. Speed vs. Ripperdan supra, and the Kentucky Reports on Forcible Entries and Detainers, passim.
Third. The judgment in ejectment was conclusive as to the fact that John Kercheval had been in possession; and, whatever may be the preponderance of probability, the jury had a- right, in the opinion of this Court, to de *168 cicle that he had tortiously entered on the actual possession of Ambler, after the execution of the habere facias-, and, of course, whether he entered for his own or another’s use, and whether he or another was on the land when the warrant in this case was issued, he is liable to this summary proceeding for restitution so far as he has acted and may, in that respect, be concerned. Such is the practical operation of the statuté, and any other construction of it would render it) in many instances, ineffectual and nugatory.
Ajudg’t in ejectment, is conclusive evidence, that the dePt had been in possession; and if he is amoved by ha. fas and is again found onthe land — whether his last entry was in his own right, or that Of another*, a jury may infer that it was tortious, iand, if so, he is liable to a writ of forcible entry.
A deposition taken in one cause may be read cronf/ms-between the same parties, ned condemn the decision of a lower court upon thesufficiency of the grounds for admitting a deposition (in ness) °un!ee;sV1a paipableabuseof cretio'rf appears! A cause will not be reversed for mission of adecontains”nothing that could prejucomplabiing.ait^
The foregoing considerations, when rightly applied, virtually dispose of the instructions given and refused, taken altogether, with the modifications made by the Circuit Judge, and sustain all the opinions which hé gave on every material point which occurred in the progress of the trial-, ’with the exception only of two remaining questions, which we will now proceed’ more specifically to consider.
First. The appellant insists that, the Circuit Court errecj jn pefmitting the appellee to read a deposition of 1 , . . , . . , _ . , Joel Berry, which had been taken and read m the action 0f ejectment between the same parties. As that deposition had been read on a former trial between the same parties, and tended to prove an important fact in this 1 . , . 1 ,, . case—to-wit: that the appellant was m the possession, notice in ejectment was served on him, of the J . land which was delivered to the appellee’s agent m vn* tue the habere facias, and that, consequently, no other land than that which had been recovered had been delivered by the officer—the only objection to the admissi* bility of it as evidence on the trial of this case, must be that,as alleged, there was no sufficient proof of the inability of the witness, .who, was Still living, to attend court and be again examined ore lenus. The only proof on this point was -that he was about seventy years old, “frail” health, and resided about sixty miles from the court house.
Now, although a moral certainty of his inability to attend in person, as a witness, is not the necessary deduction from these facts, nevertheless, we are indisposed to disapprove the judgment of the Circuit Court upon *169 them, for threé reasons: (1.) Some latitude of discretion must be conceded to courts in such cases; and we Cannot decide that A sound discretion has been abused in this case. (2.) The facts may authorize the opinion, rathér that the witness could not, than that he could have safely attended court. (3.) His deposition, though pertinent, was not, in our judgment, prejudicial to the fights óf thé appellant, because, without it, theré cóuld have been but little, if any, reason for doubting the fact which it tended to establish. We are, therefoi'e, not disposed to reverse the judgment of the Circuit Courtj for admitting that deposition.
Two different his* aparate a? tion, in the same coult an<5 SiUne term, recover judg’ts in eject, against the same tenant, for the same laud. One oftliese plt’fshas a ha, fa. upon his judg’t executed, but instantly grants álease of the land to the deft. A ha. fa. also issues upon the other judg’i, and the plt’f in that has it executed by removing the deft (now tenant oftheother plt’f,) regardless of his new tenancy, and receives the possession. (‘Statement’, ante.)— Held that, if he whose ha. fa. was first executed had himself retained the possession, or had leased to a stranger to the other judgment, ho, or his tenant, could not have been turned out by that judgment—to which neither was a party. But when the other plaintiff comes with his ha. fa. and finds the de’ft in possession of the land, he is not hound to enquire what title he holds under, but may have him amoved, according to the command of the ha. fa. and take and hold the possession_• which tlie other plaintiff cannot regain withou trying titles with him; and the removed tenant, having re-entered in the absence and against the will of him whose ha. fa. was Iasi executed, a writ of forcible entry lies against him.
Second. The counsel for the Appellant have argued that, as he had been lawfully evicted by Forman, and had afterwards become his tenant in good faith, his possession was that of his landlord when Ambler’s writ of habere facias was executed; and that, therefore, the eviction, under that execution, was tortious and did not avail so as to vest the constructive possession in fact in Ambler, after his agent had departed from the land. This argument presetits anew and interesting question, which we must decide without the aid of any direct authority;, But, testing the position now assurhed by reason and analogy, we are inclined to the opinion that it is not maintainable. Had Forman himself, or a tenant for him, who was a stranger to Amblers suit, been in the possession of the land under his judgment rendered in A suit which was pending when Ambler’s action was instituted, the habere facias on the judgment in the latter suit, could not have authorized an eviction. And we, also admit, that the appellant, as Forman’s tenant, should be deemed to have been holding for Forman, and that his possession was, in Contemplation of law, for many purposes, that of Jus landlord. But he alone is the party here—-and, though he may have been a tenant, his possession was, in fact, his own and beneficial to him *170 self; and he cannot, we think, defeat or evade Ambler’s judgment against himself, by interposing the unlitigated claims of a stranger to that judgment, however he may represent him.
Had Forman, by entry without judgment, evicted the appellant and then reinstated him under a contract of lease, would that circumstance have prevented Amble# from enforcing his judgment? We think not; for if it Would, the action of ejectment may be altogether inappropriate and ineffectual.
But Forman’s judgment only ascertained, as between himself'and the appellant, that he had the better right to the possession.- It is no evidence against Ambler; and when he seeks to enforce his judgment for eviction, he is not bound to enquire how, or from whom, or when, the person in possession, and against whom he has judgs ment, acquired the possession which he is holding against him. After Ambler obtained his judgment, the appellant, as long as that judgment remained unreversed and unsatified, could not defeat or evade it by any act Wfiths out the consent or fault of Ambler; and, of course, could not hold the possession against Ambler’s execution, and in defiance of its authoritative mandate.
Without intending to be understood as intimating What would be Forman’s remedy—whether by an action of ejectment, or a warrant for forcible entry and detainer, or some other legal mode—it seems to us that, it was the duty of the sheriff to execute Ambler’s Writ against Kercheval, and that Ambler entered in virtue of that writ lawfully, and not tortiously; and, as of course, the law would imply a retention of actual possession by him, until he manifested a determination to abandon it, even though thé possessio pedis may not have been continued, neither Kercheval nor Forman had any legal right4o intrude on his actual possession without his consent; and, if either of them did so, he is liable to restitution in this proceeding. If he have a better right than Ambler to the possession, his only remedy, allowed by law, is that of some legal process—when their_ respective claims' to possession; hitherto unlitigated, may be tried and determined according to law.
*171 Can a defendant in an action of detinue for a slave, resist the specific enforcement of the judgment hy execution, by having hired the slave, between judgment and execution, from a stranger, who may even have had a title better than that of the successful plaintiff in the action? Or can the fact, that the stranger had obtained a judgment against him for the same slave, and thereby procured a momentary possession, alter the law of the case? It seems to us that it could not; and that the defendant being in the possession of the slave when the sheriff comes to enforce the other judgment, it is the dqty of the sheriff to deliver the possession in obedience to the command of the writ; and that the law wopld not decide between the two claimants, under the different judgments, until their conflicting rights should, in some legal mode, be litigated as between themselves. So in this case, for the like reasons.
Had Forman, as we have before said, retained the possession himself, or leased the land to a stranger to Ambler’s judgment, then, as the occupant would not have been either party or privy to that judgment, he could not have been turned out by any process upon it,
But by permitting Kercheval to remain in the possession, Forman subjected himself to a loss of the posses.,sion, by an enforcement of Ambler’s judgment against the same Kercheval; and has thereby been, in our judgment, placed in an attitude from which he cannot be relieved by any act of Kercheval or himself, without Ambler’s consent, and whilst he was in the actual possession law* fully acquired. , -
If, however, others, neither parties nor privies, were, as alleged, also in the possession with John Kercheval, they were, of course, not affected by Ambler’s execution; nor can their rights be disturbed or endangered by the judgment, or by the proper enforcement of the judgment in this case, against John Kercheval alone.
Having now, in effect, disposed of all the points presented in the' record, and being of the opinion, that the law and the facts authorized the verdict of the jury—it is therefore considered, that the judgment thereon by the. Circuit Court be affirmed.