Judge Simpson
delivered the opinion of the Court.
This warrant of forcible entry and detainer was sued out by the plaintiff in error against the defendants, who were found guilty of the forcible entry and detainer complained of, by the verdict of the jury in the country. They, thereupon, traversed the inquisition and carried the case into the Circuit Court, and upon a trial, in that court, a verdict was rendered in their favor, the Court having instructed the jury to find'for the defendants, as in the case of a non-suit.
The facts proved upon the trial were, that, by virtue of a writ of habere facias possessionem which issued upon a judgment in ejectment in favor of the plaintiff and against the defendant Higginbotham, the Sheriff went upon the premises in contest and executed the writ by delivering the possession to the plaintiff, who was not present on the occasion, but who was represented by his agent Perry Bates. The Sheriff having found the defendant, Sally Clarke, on the' premises, turned her out of possession under the writ against her co-defendant. It appeared by the proof that she lived in the house with the defendant Higginbotham, and had been so living at and previous to the time of the com-’ *370 mencement of the action of ejectment against him. It did not appear "that they were married, nor did it appear that she had any title or claim to the premises, or any right to remain there, except at the will or sufferance of the defendant Higginbotham. Bates, who acted as the agent of the plaintiff, in receiving the possession of the house and the land in contest, was in the employment of the plaintiff under a contract by which he was entitled to certain stipulated wages for his services, and was to be furnished with a house to reside in, and had been directed by the plaintiff to occupy the house the possession of which the Sheriff was to deliver to him by virtue of said writ. Under that direction and as the agent of the plaintiff, Bates put into the house, when the possession of it was delivered to him by the Sheriff, a wagon load of his own property, and having fastened the door of the house, he left the premises for the purpose of going after his family and the balance of his property, to remove them to the same place. He returned on the same day and found that the defendants, during his absence, had entered, and put his property out of the house, and taken possession of the premises in contest. The plaintiff, thereupon, sued out this warrant of forcible entry and detainer against them in his own name.
If a Sheriff on executing a writ of hab. fa. delivers possession to the plaintiff’s agent, it is in fact and in law, the possession of the principal, & he may maintain a warrant for a forcible entry
Two questions arise upon the facts in this case:
1st. Did the plaintiff acquire such a possession, in fact, as enables him to maintain a warrant of forcible entry and detainer in his own name?
2d. Had the Sheriff a right to turn Sally Clarke out of possession by virtue of the writ of habere facias against Higginbotham?
In regard to the first question, if the possession was actually delivered by the Sheriff to the agent of the plaintiff, it was both in law and in fact the plaintiff’s and not the agents possession, and the warrant was properly sued out in the-name and for the benefit of the plaintiff: (Kercheval vs Ambler, 4 Dana, 167.)
It is, however, contended that Bates was not merely the agent of the plaintiff, but was also his tenant, at *371 least of the house, and that the possession of it was the possession of Bates and not of the plaintiff. If this were the legal deduction from the facts proved, still the instruction given by the Court upon the trial, would have been unauthorized and erroneous, inasmuch as Bates had, beyond controversy, received the possession of the remainder of the premises as agent for the plaintiff, and to that extent, at least, the plaintiff could maintain a warrant in his own name.
upon that possession : (Kercheval v Ambler, i Dana, 167.)
But if Bates, according to the understanding of the parties was to occupy the house merely as the servant of the plaintiff, the latter, in contemplation of law, still remained in the possession. Bates was not, properly speaking, a tenant, he had no interest in the tenement, the plaintiff might have removed him to another house at any time; his contract to furnish him a house to reside in, gave Bates no claim to the house in question, and he stood in the same attitude that any other person in the employment of the plaintiff, who merely as a servant occupied a house belonging to him whilst in his service would have done. The assumption that the owner, by permitting persons in his service to occupy his rooms or houses, as his servants, thereby loses the possession of them, is not only inadmissible but preposterous. Whilst in his employment such persons are considered in law as part of his family, and their possession is his possession. A tenement might be leased to a person in the employment of the owner so as to invest the lessee with an interest in it,'and the exclusive possession in fact, but there was no evidence in this case of any leasing by the plaintiff to Bates, but the latter was merely to occupy it by the permission of the plaintiff in fulfilment, of the contract of hiring between the parties.
As it regards the second question, if the defendant, Sally Clarke, merely resided with the defendant Higginbotham, by his permission, without any interest in, or title to the premises, she constituted a part of his family, and as such, the writ against him authorized the Sheriff to turn her out of the possession.
The defendant in the action of ejectment and all who are members of his family, or mere tenants at will to him, may be turned out by the writ of hab. fa.
Turner, Dunlap 4" Burton for plaintiff; J. Sf W. L,, Harlan for defendants.
And if the circumstances would justify the conclusion that she entered under his title, and had a possession jointly with him, yet if she had no title to, or interest in the premises, but was there merely as his tenant at will, or at sufferance, she might have been turned out of the possession by virtue of the writ of habere facias against him, whether she entered'upon the land' before or after the commencement of the action of ejectment: (Mattox vs Helm, 5 Littell, 185.)
The Court below, therefore, erred in the instructions to the jury, directing them to find as in the case of a non-suit.
Wherefore, the judgment is reversed and cause remanded for a new trial, and further proceedings in conformity with this opinion.