## MITCHELL v. DAVIS.

IN an action between S. and D., a writ of restitution issued, commanding the Sheriff to cause D. to be removed from certain premises, and S. to have restitution of the same. The return to the writ by the Sheriff shows that he "put S., by his representative M., in peaceable possession:" *Held*, that the possession under the writ was that of S. and not of M.; that M. was the mere agent of S.; and that the presumption of the continuance of this relation was not destroyed by proof of acts of control over the premises subsequently exercised by M. which were not inconsistent with his position as agent.

After the service of the writ, and while the relation remained unchanged between S. and M., D. entered upon the premises, and an action under the Forcible Entry and Unlawful Detainer Statute was thereupon commenced by and in the name of M. against D.: *Held*, that M. could not maintain the action by reason of his want of possession.

An agent or servant having the care of real estate cannot be considered as a tenant at will of his principal or master. The adoption of such a principle would lead to very inconvenient results, and would give to servants and agents novel and embarrassing powers over employers and their property.

APPEAL from the County Court of Merced county.

The facts are stated in the opinion. The first instruction asked by defendant, and refused by the Court, is as follows : " That plaintiff must have had the actual possession in himself, and not holding as agent for his principal; for if he was in possession as agent, the possession was that of the principal, and the agent could not bring this action in his own name."

*L. Quint,* for Appellant, cited *Sedley* v. *Hays,* 1 Cal. 160 ; 2 Greenleaf's Ev. Sec. 61; 1 Chitty's Plead. 62 and note ; Id. 59 ; *Kercheval* v. *Ambler,* 4 Dana, 166.

*E. T. Hunter,* for Respondent, cited *McCauley* v. *Weller,* 12 Cal. 500.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action brought under the act concerning forcible entries and unlawful detainers.

The plaintiff, for the purpose of proving himself in the possession of the premises upon which the forcible entry was claimed to have been made, introduced as a witness the Sheriff of the county, who produced a writ of restitution in a certain action between Charles B. Storer and Henry B. Davis, by which he was commanded to cause Davis to be removed from the premises in question, and Storer to have peaceable restitution of the same, and also his return on the writ, which, so far as respects the point in question, is as follows : " I hereby certify that I received the within writ on the fourteenth day of March, 1860, and on the twenty-sixth day of March I put Charles Storer, by his representative, James Mitchell, in peaceable possession of the within described premises." This writ and return were read in evidence, and the Sheriff testified that he placed Mitchell in possession as the agent of Storer by the written instructions of the attorney of record of Storer. A witness, Smith, testified : " I know that the Sheriff put Mitchell in possession of the property." A witness, Lawson, testified : " I was working in the field," (at the time of the alleged forcible entry) " by order of Mitchell." Upon this proof, the question is raised whether Mitchell can maintain this action, or whether it should have been brought by Storer.

Mitchell *v.* Davis.

By the ninth section of the act it is provided, that on the trial the complainant shall only be required to show, in addition to the forcible entry or detainer complained of, that he was peaceably in actual possession at the time of the forcible entry. It has frequently been decided, not only that this action may be prosecuted by the person whose actual possession has been entered upon, without any reference to his right to such possession, but that it cannot be prosecuted by a person not in the actual possession, whatever may be his right to such possession ; as, for instance, it cannot be prosecuted by a landlord for an intrusion upon the possession of his tenant, even as a means of getting possession by the landlord after the expiration of the tenant's term. (*Yoder's Heirs* v. *Early*, 2 Dana, 245.) The fact of possession, and not the title to the premises or the right to the possession, can alone be inquired into. In whom does the proof in this case show the possession to have been ? All the proof in the case was given by the plaintiff, and this shows that the only connection which he had with the premises was that which resulted from the execution by the Sheriff of the writ directing him to put Storer into the possession. The legal effect, as well as the language of the return to the writ, is, that Storer and not Mitchell was put into the possession. In the case of *Kercheval* v. *Ambler*, (4 Dana, 167) which was like the one before us, the Court said : " If the possession was in fact delivered by the Sheriff to the agent of Ambler, it was Ambler's and not his agent's possession, and the warrant was properly sued out in the name and for the benefit of Ambler." This was the plaintiff's proof as to the possession, and he gave no proof of any change of this possession. The proof that plaintiff exercised control afterwards by sending one of the witnesses to work on the premises, is not a contradiction of or inconsistent with the proof he had already given that his control was that of an agent of Storer. A plausible ground on which it might be claimed that this action could be prosecuted by Mitchell, would be that an agent or servant having the care of real estate might be considered as a tenant at will of his principal or master. But such a principle is not countenanced by the authorities, and its adoption would lead to very inconvenient results. It would give to servants and agents novel and embarrassing powers over em-

ployers and their property.  *Higginbotham* v. *Higginbotham*, (10 B. Monroe, 371) and *Bertie* v. *Beaumont* (16 East. 33) are strong cases on this point.

Under the proof in this case, therefore, it was error to refuse the first instruction asked by the defendant.

Judgment reversed and cause remanded for a new trial.