Mitchell *v.* Davis.

---

## MITCHELL *v.* DAVIS.

On the trial of an action of forcible entry and detainer, the plaintiff offered in evidence a judgment against defendant awarding possession of the land; and the writ of restitution issuing on the same; and the Sheriff's return thereon: *held*, to be competent evidence, for the purpose only of showing the extent of plaintiff's possession, and that defendant was estopped from contesting the same.

The Supreme Court, in reversing a judgment, passed upon a point of law, as resulting from the facts then before it: *held*, that the rule that the law, thus laid down, becomes the law of the case in all its stages, only applies so long as the evidence develops the same state of facts; and that, if on the new trial, the evidence shows a different state of facts from that shown on the first trial, the law of the case will be that resulting from this new state of facts.

When irrelevant testimony is offered by one party, in the course of a trial, and objected to by the other, and is admitted by the Court, under the objection; and afterwards, before the close of the trial, the party introducing the evidence asks leave to withdraw it, and the other party objects, and the Court, under the objection, refuses leave: *held*, that this last objection was a waiver of the first, and cured the error.

If the party guilty of a forcible entry, has any title or right of possession, his title or right of possession cannot be tried in an action of forcible entry and detainer. He must first deliver up the possession, forcibly acquired; and then, he may litigate his title or right to possession in a proper action.

APPEAL from the County Court, Stanislaus County.

The facts are stated in the opinion of the Court.

*L. Quint* and *Coffroth & Spalding*, for Appellant, cited: (*Table Mountain Co.* v. *Stranahan*, 21 Cal. 548; *Davidson* v. *Dallas*, 15 Id. 82; *Higginbotham* v. *Higginbotham*, 10 B. Monroe, 371; *Baxter* v. *Beaumont*, 16 East. 33).

*George Cadwalader*, for Respondent, cited: (*Dutton* v. *Warschauer*, 21 Cal. 625; *Rice* v. *Bancroft*, 11 Pick. 468).

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action of forcible entry and detainer. The case has been previously before this Court, and will be found reported in 20 Cal. 45. It was there held that the evidence showed that the plaintiff was in possession of the premises at the time of the alleged entry of the defendant, as the agent of one Storer, and therefore the action should have been in the name of Storer, and not the plaintiff. It seems that Storer had recovered judgment, in an action for the possession of the premises, against Davis; and the return of the Sheriff to the writ of restitution was, that he had " put Storer, by his representative, James Mitchell, in peaceable possession of the within described premises;" and as there was no other proof respecting the character of the possession of the plaintiff, it was held that his possession was merely as against Storer.

At the trial, had after the return of the *remittitur*, the plaintiff proved that he held possession at the time of the defendant's entry, not as agent, but as the mortgagee of Storer, by his consent; and under instructions from the Court upon this subject, the jury found a verdict in favor of the plaintiff, from which the defendant appeals.

The plaintiff introduced in evidence at the trial, the judgment, execution, and return of the Sheriff thereon in the case of *Storer* v. *Davis*, and this is alleged to be in error. This evidence was admissible to prove the right and extent of the possession of the plaintiff, and that the defendant was estopped from contesting the same. The return of the Sheriff that Mitchell was the " representative " of Storer, was open to explanation by proof showing in what way he was his representative, and in what character he took the possession. This objection is therefore overruled.

It is urged that the proof showed that the possession was delivered to Storer and not to Mitchell, and that there was no proof of actual possession by Mitchell at the time of the alleged entry; and the previous decision of this Court in the case is referred to in support of this position. The evidence in the case as now presented is very different upon this point from what it was on the previous appeal. It now appears that one Hunter was the attorney of Storer, and as such directed the Sheriff to put Mitchell in possession under the writ; that Mitchell had a mortgage upon the premises, and though he may have been put in possession as agent of Storer, yet the proof is that he held at the time of the defendant's entry as mortgagee, and not as agent. This evidence shows that the actual possession was in Mitchell, and not in Storer. The possession of a mortgagee is not in fact the possession of the mortgagor. As was said in the opinion on the former appeal: "The fact of possession, and not the title to the premises or the right of possession, can alone be inquired into." It is urged that the previous decision upon this point has become the law of the case, and conclusive upon the parties; and numerous decisions of this Court are referred to. An examination of those cases will show, however, that they apply only to principles of law announced in a case; and not to mere questions of fact, which may have been passed upon. For instance, it was held in this case on the previous appeal, as a question of fact, that the evidence showed that the possession of the plaintiff was as the agent of Storer, and not by any right in himself; and it was further held as a principle of law, founded upon this fact, that the possession of the agent was the possession of his principal for the purpose of this action, and therefore the action should have been in the name of the principal. The determination of this principle has become the law of the case; but the question of fact, whether or not the plaintiff was the agent of Storer, is liable to be changed by further evidence showing the true and a different state of facts; and the action of this Court upon this question of fact does not operate as a bar or estoppel upon the plaintiff from showing the true facts of the case. If no further evidence had been introduced by the plaintiff on the second trial upon this point, there might have been some grounds

for saying that the question had been put at rest by the former adjudication. The judgment of this Court was, that the case be remanded for a new trial; at which new trial the plaintiff had a clear right to introduce any evidence relevant to the issues to be tried. The Court instructed the jury that if they "found from the evidence that Mitchell was the agent of Storer, and as such was put into the possession of the premises, then his possession was that of Storer, and not his own, and they should find for the defendant." This was following out and adhering to the law of the case as it had been laid down by this Court. The jury, however, found that he was not the agent of Storer, in finding for the plaintiff, and that finding is sustained by the evidence before them. This objection is therefore overruled.

The plaintiff offered in evidence a location of a military land warrant by Storer upon the premises, and the Court overruled an objection of the defendant to its admission, and this is assigned for error. It seems that immediately afterwards the plaintiff asked leave of the Court to withdraw this evidence from the jury; but the defendant opposed it, and the Court therefore refused leave to withdraw it. This action of the defendant waived this objection, and cured the error. The paper was irrelevant, and should not have been admitted, and the Court should have permitted it to be withdrawn; but, under the circumstances, the defendant is precluded from assigning it as error. The defendant offered in evidence an opinion of the U. S. Land Commissioner, respecting the validity of the location of this land warrant, which the Court excluded, upon objection being made by the plaintiff. The opinion, even if it were admissible in evidence under any circumstances, was clearly irrelevant to the issues in this case, and the Court therefore did not err in excluding it. If the defendant has any title or right of possession to the land, it must be tried in some action proper for trying such questions; but the present is not an action of that kind. He was not justified in attempting to enforce any such right by taking forcible possession of the land in dispute. He must first deliver up the possession thus forcibly acquired, and then he may be in a situation to litigate, in a proper action, any valid right or title he may have to the land. One great object of the Forcible

Entry Act, is to prevent even rightful owners from taking the law into their own hands and attempting to recover, by violence, what the remedial process of a Court would give them in a peaceful mode.

The judgment is affirmed.