## Baker v. Burton.

(Decided March 23, 1937.)

J. A. EDGE and L. C. LITTLE for appellant.

HENRY S. McGUIRE for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

A. G. McGregor sued out a writ of forcible detainer against Fannie Hoskins Baker and J. B. Hoskins in the court of Judge E. Matt Karr, magistrate of Fayette county, on June 1, 1935.

Fannie Hoskins Baker insists that A. G. McGregor is without power or authority by means of a writ of forcible detainer to obtain possession of his property, namely, "Lovers' Lane Tourist Camp," situated on the Richmond pike, about two and a half miles from the city of Lexington. She claims no ownership or right of possession to the property or any part thereof. She is there, diligently and actually managing the tourist camp of her own volition and for her own joy and gratification. She refuses to divulge how and from whom she obtained such unusual privilege of managing and operating such an attractive and profitable tourist camp for at least one year, from May 1, 1934, to May 1, 1935, at the expense of some one else in the sum of $100 per month. So far as she or her counsel is concerned, the record is silent as to how and from whom McGregor, the conceded owner and landlord, has received his rent to May 1, 1935. After notice was given to her, as manager of the tourist camp, that possession was desired, that she desist her management and move off of the premises, she so determined to remain the operator and

manager of appellee's tourist camp; refused to. challenge or respond in any way to the writ in the court of Judge E. Matt Karr, the magistrate aforesaid, where the proceeding originated. On the other hand, she permitted judgment to go against her without protest; wherein she was declared a wrongful detainer of appellee's property.

It is true, however, that her counsel feebly claims that the judgment rendered against her was void because she did not have her day in court or receive proper or any notice of the proceeding. The record shows without contradiction that she was duly served and notified of the time and place and before what court her right of possesion of the property and right of tenancy or assumed tenancy would be adjudicated, as follows:

"Constable's Return Thereon:

"Executed June 1, 1935, by serving a true copy of the within Forcible Detainer on Mrs. Baker.

"(Signed) Jeff Johnson,

"Constable Fayette County,

"Chas. Burns, Deputy Constable."

She ignored the authority of the court, retained her possession, continued her unusual privilege of the management and operation of the tourist camp until at last she awoke to the realization that her codefendant, J. B. Hoskins, who had rented the premises from McGregor, had submitted to the magistrate's judgment. Then she, if not already before the court, entered her appearance, executed the usual traverse bond, and appealed to the circuit court as provided by section 463, Civil Code of Practice.

Again, in the Fayette circuit court, she refused to enlighten the court or the jury that tried the proceeding as to her right or claim of possession of appellee's property, except to plead not guilty, and in that way deny appellee's right to dispossess her of the property. Again, a judgment was rendered declaring her to be guilty of the wrongful detention of appellee's property. From that judgment she appeals.

Counsel admits that appellant has no authority, contractual or .otherwise, to occupy the premises; concedes, however, that appellee is the owner of the land

and entitled to possession, but insists that the relationship of landlord and tenant does not exist, and further insists that appellee should have instituted a suit in ejectment. The question of title is not involved in the proceeding, because in a proceeding of forcible detainer the only issue is the right of possession, regardless of the title. Appellant makes no claim of title to the tourist camp or any part of it; therefore ejectment would not necessarily be the proper proceeding. The only question in the instant case: Is appellee in law a tenant or a subtenant of appellant? Under the evidence, uncontradicted, appellee had leased the property by a written lease, which is not properly a part of the record, but the evidence is to the effect that the written lease was in fact read to the jury, showing that appellee had rented the property to J. B. Hoskins, codefendant of appellant in the magistrate's court; that the tenancy began on May 1, 1934, for one month at the rate of $100 per month, with the privilege of one year thereafter; that is, until May 1, 1935. Hoskins took possession under that lease, remained in charge of the premises for about a month, and from that time on until the end of the year appellant had charge, managed, operated, and looked after the tourist camp as the subtenant or agent of Hoskins at the agreed rental of $100 a month, which was paid promptly to appellee. From those facts we conclude that, being the subtenant of Hoskins, she became also the subtenant of appellee, by reason of the written contract, referred to, made with Hoskins. Hoskins is conceded to be the tenant of appellee from the beginning. Therefore, for all purposes, the relationship of landlord and tenant existed between appellant and appellee. On the trial before the jury the uncontradicted evidence and all the evidence that was offered, none being offered by appellee, was to the effect that appellee rented the tourist camp to Hoskins until May 1, 1935, at the rate of $100 per month; that appellant took charge of, managed, and operated the tourist camp for Hoskins during the time; that the rent was paid monthly to appellee until the year ended. If those admitted facts do not constitute the relationship of landlord and tenant, what would?

A direct contract between appellant and appellee was not necessary, but "by the Code of Practice the fact of tenancy is all that is requisite, whether the possession

was received from the then landlord or not." Goldsberry v. Bishop, 2 Duv. (63 Ky.) 143. See Johnson v. Gordon (Ky.) 112 S. W. 372. She was acting all the while under, and by virtue of, the contract with her codefendant, Hoskins. Any other conclusion would authorize any employee of Hoskins that he might have used in the proper operation of the tourist camp to take possession of appellee's property at the termination of the lease and claim the right as against appellant to remain in possession.

It is our judgment that the proceeding of forcible detainer was the proper remedy. There is no merit whatever in appellant's contention.

Wherefore, the judgment is affirmed.