## Tyler et al. v. Tyler et al.

May 9, 1947.

Rehearing denied June 20, 1947.

B. H. Farnsley, Judge.

Robert E. Hogan for appellants.

Al M. Marret and Robert P. Hobson for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Two brothers, their wives and the father of the brothers, joined as plaintiffs below. They brought this suit in ejectment against the defendants, Larry T. Tyler and his wife, Sally G. Tyler. In their original petition they alleged that they were the absolute owners and entitled to the immediate possession of the property described therein; and that the defendant Larry T. Tyler was in possession of the property and wrongfully withholding possession of the same from the plaintiffs, and refused to surrender the possession of the property to the plaintiffs.

The defendants denied the allegations of the petition and by paragraph 2, styled counterclaim and cross-petition, alleged that the plaintiff, Charles D. Tyler, father of the defendant, Larry T. Tyler, had agreed with his son, Larry, to furnish him a home and living quarters, rent free, so long as Larry should live, and prayed judgment on his counterclaim and cross-petition against plaintiffs adjudging him to have an equitable interest in and to the property in question and a vested right to occupy the premises, rent free, for the remainder of his life, without interference or molestation from the plaintiffs, and further prayed that if that could not be done, that he be granted alternate relief.

At the close of the evidence for the plaintiffs, by which they showed the fee-simple title to be in Earl and Carl Tyler, defendants moved the court for a peremptory instruction on the ground that the ejectment suit had been predicated on allegation in the petition that all of the plaintiffs were the legal owners and as such were entitled to the possession of the property in question. The plaintiffs then immediately offered to, and were permitted by the court, over the objection of the defendants, to file an amended petition alleging the fee-simple title to be in Earl and Carl Tyler; and that plaintiffs, Ethel Tyler and Dewey Lee Tyler were the wives respectively of Earl and Carl, and that the plain-

tiff, Charles D. Tyler, the father, had no legal interest or title in and to the property described in the petition.

Proof was then taken on behalf of the defendants, at the conclusion of which defendants filed motion for peremptory instruction, which was overruled. The court then peremptorily instructed the jury to find for the plaintiffs, Earl Ritter Tyler and Carl Hampton Tyler, and to find for them on the counterclaim and cross-petition of the defendants. The issue raised in the cross-petition of Larry Tyler against his father, Charles D. Tyler, was submitted to the jury and verdict returned in favor of Charles D. Tyler. Judgment was entered accordingly, from which the defendants prosecute this appeal.

In their effort to reverse the judgment below, defendants call to our attention 4 points, namely: (1) Where ejectment is predicated on the joint ownership of husbands and wives, or in two or more persons, and the title is shown to be in the husband or husbands, alone, or in a lesser number than those alleged to be the owners or entitled to the possession, ejectment cannot be maintained. (2) Original allegations were not cured by amended pleading filed during trial. (3) Judgment was contrary to pleading and prayer, and (4) The court erred in refusing to permit defendants to file amended answer setting up a plea of res judicata.

Points numbers (1) and (2) will be considered together. Plaintiffs rely on some very early cases found in 9 and 10 Ky. (II and III A. K. Marshall). They insist that since in the petition the declaration showed the title to be in all of the plaintiffs, and the proof showed title to be in only 2 of the plaintiffs, none of them can recover. This position seems to have been the original rule under the common law. This view, evidently, was based on the old rule that where there is a material variance between the allegation of the declaration and the proof, a recovery will not be allowed. It seems to have been the theory originally that a party, who is one of several parties plaintiff, declaring that all parties plaintiff had title to the property, is bound by that declaration since there must be no variance between that declaration and the proof. Consequently, he who so

declared must fall with those who failed on trial to show title. Originally, the common-law rule was that tenants in common must bring separate actions since they were separately seized and no privity of estate existed between them. However, it is now generally held that all tenants in common may unite in one action. There are yet a few jurisdictions in which the courts adhere to the common-law rule that if one plaintiff in a joint action of ejectment cannot recover none of them can. In other jurisdictions it is held that any plaintiff may recover to the extent of the right which he proves, even though one or more of his coplaintiffs may fail to show any title.

Today we proceed under Code provisions. Consequently, the provisions therein relative to parties plaintiff and defendant will be observed. As stated above, at the conclusion of the plaintiffs' evidence and following defendants' motion for peremptory instruction, the plaintiffs amended their petition. In their amended petition, they state that the fee-simple title to the property described in the petition is in the plaintiffs, Earl Ritter Tyler and Carl Hampton Tyler, and that the plaintiffs, Ethel Tyler and Dewey Lee Tyler, are their respective wives, and that plaintiff, Charles D. Tyler, has no legal interest in nor paper title to the property. Plaintiffs insist that the amended petition did not cure the defects in the original petition. Since our procedure is under Code provisions, if there was a misjoinder of parties, the defendants should have spoken. In 18 Am. Jur., Ejectment, Section 89, we find: "Since objections not taken by a plea in abatement are considered waived, a plea of the general issue does not ordinarily let in proof of matters pleadable in abatement, such as want of jurisdiction in the court or of capacity in the plaintiff to sue." See also Shelby v. Shelby, et al., 194 Ky. 141, 238 S. W. 371.

In the instant case after amended petition was filed, proof as to want of capacity in the plaintiffs' wives and the father was entirely unnecessary as the amended petition said that the title rested solely in the two brothers, Earl and Carl, and the peremptory instruction of the court so treated the matter. There was no variance between the declaration as amended and the proof. We must, therefore, reject the contention of the appellants on these first two items.

Point number 3 seems to go to the fact that Larry and his wife were made defendants. They complain because the pertinent part of the allegations of the petition is directed particularly at the defendant, Larry, and refers to Sally G. Tyler only as the wife of the defendant. They insist that the court finding against both of them volunteers relief to which the plaintiffs did not suggest they were entitled. Again in 18 Am. Jur., Ejectment, Section 73, it is said: "It is the general rule that two or more persons in possession of the premises in dispute may be sued jointly where the plaintiff's title in relation to all is the same, although their possession may be several, and not joint. While they may answer separately or demand separate verdicts, unless they do so, they will be concluded by the general verdict."

Sally G. Tyler was the wife of Larry T. Tyler. She was named codefendant. She joined her husband in filing general demurrer. She joined her husband in filing answer and counterclaim. If she had no interest in the action, or if she had such interest as would demand a separate verdict for her and a separate answer, she should have spoken. There is no merit in this contention of appellants.

We now consider the last point raised. The defendants tendered their answer wherein they set up a former action for forcible entry and detainer as a bar to this action. They insist this tendered answer contained allegations constituting complete defense by way of a plea of res judicata, and that the court, by refusing to allow same to be filed, abused its discretion. It need only be said that in forcible entry and detainer proceedings, only the relationship of landlord and tenant must exist, and title is not at all involved. Forcible entry and detainer proceedings involve possession only, whereas ejectment proceedings involve title and wrongful possession, and the party making claim under ejectment must establish his title under very strict rules. Baker v. Burton, 268 Ky. 358, 104 S. W. 2d 1081.

In the very early case of Mattox v. Helm, 5 Litt. 185, 15 Am. Dec. 64, this matter was discussed, wherein it was said: "Now it is plain, that in a proceeding for a forcible entry and detainer, under our act of assembly, it is the mere naked possession in fact which is put in

issue, and, of course, the judgment in such case, can be no evidence in an action of ejectment, in which the right of entry is the point of issue." We must also reject this contention.

Wherefore, the judgment is affirmed.