# Court of Appeals.

April 10, 1894.

## PEOPLE v. JOHN CONNOR.

(58 St. Rep. 631; 142 N. Y. 130.)

1. JURISDICTION—RELATIONSHIP.

Section 46 of the Code of Civil Procedure applies to all trials, civil and criminal.

2. TRIAL—MODE—CRIMINAL ACTION.

The defendant is not entitled to separate trials before separate juries, of each issue raised by the pleadings, but to only one trial and one jury.

3. SAME.

The order in which the issues should be disposed of is a matter in the discretion of the court.

Appeal from judgment of the general term of the supreme court in the fourth judicial department, entered upon an order made November 9th, 1892, which affirmed a judgment of the court of sessions of Delaware county entered upon a verdict convicting defendant of the crime of grand larceny in the second degree. The facts, so far as material, are stated in the opinion.

Abram C. Crosby, for appellant.

William F. White, for respondent.

O'BRIEN, J.—The defendant was convicted in the court of sessions of the crime of grand larceny in the second degree. On the trial, which resulted in the judgment now under review, the defendant interposed the general plea of not guilty, and also a special plea of a former trial and conviction to the indictment. These pleas were tried separately before the same jury, and the questions involved in this appeal arise upon exceptions taken upon or growing out of the trial of the issue made by the special plea. It appeared that the former trial was had before a court composed of the county judge and two justices of the peace,

temporarily designated by order to serve as members of the court, by reason of the death of one of the justices of sessions and the absence of the other. One of the justices of the peace so designated was related to the defendant within the sixth degree, and so incapable of acting as a member of the court during the trial, by section 46 of the Code of Civil Procedure. The trial proceeded apparently without any knowledge of the fact, and certainly without any reference to it, and the jury found a verdict of guilty. After the verdict the fact that one of the members of the court was so related to the defendant was presented to the court by affidavits in support of a motion in arrest of judgment. The court, though holding that the motion was not based upon any defect in the indictment, nor founded upon any facts appearing on the face of the record within section 331 of the Code of Criminal Procedure, set aside the verdict, and the court having been reconstituted in a manner to obviate the objection, the indictment was continued to the next term, when the trial under review was had. A jury having been drawn and impaneled, the court directed that the issue upon the special plea be tried before that arising upon the general issue. The trial proceeded, and proof of the relationship of the justice on the former trial to the defendant was made, the defendant's identity established and all the proceedings on the first trial shown. The court instructed the jury that the plea of former conviction was not sustained unless there was in fact a lawful trial and conviction. That if the former trial was before a court, one of the members of which was related to the defendant within the prohibited degree, then the court was improperly constituted and without jurisdiction in the case; and so the result would be a mistrial, and no bar to another trial. The defendant's counsel excepted to these instructions, and the jury determined the issue upon the special plea in favor of the People. The court then directed that the trial proceed upon the issue raised by the plea of not guilty. The defendant's counsel objected to further proceedings before the same jury, and asked that the proceeding be suspended until the questions already tried could be reviewed upon appeal, which request was denied.

The defendant's counsel then asked permission to examine each member of the jury as to any bias formed from the evidence and proceedings upon the special plea that would disqualify him from serving as a juror on the trial of the general issue. The request was denied. The district attorney then gave evidence in support of the charge in the indictment, and the jury rendered a verdict of guilty.

There was no error in the charge or rulings of the court with respect to the effect of the former trial and verdict. Section 46 of the Code applies to all trials, civil and criminal. The court before which the first trial was had was so constructed that it was without jurisdiction to try the particular case, and hence all proceedings before it in the case were absolutely void. In contemplation of law there was no trial and no conviction. The trial and verdict were such only in form, without the power of jurisdiction to give them any validity or legal effect whatever. When the verdict had been recorded, no legal result had been accomplished that had the slightest effect upon the rights or liberty of the defendant. It could not be said that he was once in jeopardy within the legal and constitutional meaning of that term, since it implies a verdict or a trial before some court possessing jurisdiction.

The request of the defendant's counsel to suspend the trial after the determination of the issue upon the special plea raises no question of law. The request to be permitted to examine the jurors before proceeding to the trial of the general issue is based upon the notion that the defendant had the right to separate trials before separate juries of each issue raised by the pleadings. There is no authority for the claim. There was but one indictment and one charge and the defendant's pleas constituted his answer and defense to the accusation. He was entitled to but one trial and could demand but one jury. The order in which the issues should be disposed of was a matter in the discretion of the court, which had power to direct them to be tried separately or together, and whatever course was adopted the trial must be one continuous proceeding and the rights of the defendant with respect to the

examination of the jury were the same as if the plea of not guilty alone appeared upon the record.   He had no more right to stop the trial while in progress in order to ascertain the effect which the evidence given had upon the minds of the jury than he would have had if there was only a plea of the general issue   The questions in the case have been so fully and thoroughly examined by the learned judge who gave the opinion at general term, in which we concur, that any very extended discussion now is unnecessary.   The conclusion of the learned court below is so well sustained by reason and authority that we might well have disposed of the case upon the views there expressed without any formal statement of our own.   The judgment must be affirmed.

All concur.

Judgment affirmed.