[Crim. No. 3171. In Bank.—January 25, 1929.]

THE PEOPLE, Respondent, v. ILIJA POKRAJAC, Appellant.

E. A. Williams for Appellant.

U. S. Webb, Attorney-General, and Wm. J. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by an information in three counts with the murder of Elmer L. Gustafson, and with assaults on Neal Hultslander and Lorenzo F. Luckie with intent to commit murder. He entered a plea of not guilty and a plea of not guilty by reason of insanity, but, during the selection of the jury, made no attempt to examine the jurors touching their qualifications to try the issue of his sanity. The immediate circumstances connected with, and the events leading up to, the various offenses charged were fully shown, and the jury returned a verdict finding the defendant guilty of the charges contained in the first two counts of the information. Over the objection of the defendant, the court thereupon ordered the question of the state of mind of the defendant at the time he committed the offenses to be forthwith submitted to the same jury. The defendant's counsel then, for the first time, demanded the right to examine the jurors on a *voir dire* as to their qualifications to try the defendant on the issue as to his sanity at the time the offenses were alleged to have been committed, and the privilege of exercising peremptory challenges and challenges for cause, which were denied. On submission of the issue raised by the insanity plea, the jury returned its verdict that the defendant was sane at the time he committed the acts. Defendant made a motion for a new trial on various statutory grounds, which was denied, and judgment on the first count

of the information was entered, imposing the death penalty on the defendant for the murder of Gustafson.

On this appeal two points are urged. The first is that the law (Pen. Code, sec. 1026, regulating the procedure when a plea of not guilty by reason of insanity is interposed) under which the defendant was tried and convicted is unconstitutional in that it prevents a trial by a fair and impartial jury. The second is that the trial court committed reversible error by commending the jury in open court for rendering its verdict of guilty at the conclusion of the first phase of the trial and before submitting to it the issue of defendant's state of mind at the time he committed the acts complained of.

At the time this case was argued, counsel for the appellant, in submitting it, asked that the court consider as made and advanced by him all the points to be made in the arguments in other capital cases then awaiting argument and submission in which the constitutionality of the law, *supra,* relating to pleas of not guilty by reason of insanity was involved. We have done so. The decisions in those cases have been handed down. (*People* v. *Coen,* 205 Cal. 596 [271 Pac. 1074]; *People* v. *Troche, ante,* p. 35 [273 Pac. 767]; *People* v. *Leong Fook, ante,* p. 64 [273 Pac. 779].) They hold the law valid in all respects, and specifically and conclusively answer every contention raised by appellant's first point. We deem it unnecessary, therefore, to further consider that phase of the case. (See, also, *People* v. *Hickman,* 204 Cal. 470 [268 Pac. 909].)

The jury returned its verdict finding the defendant guilty of the killing of Gustafson and of the assault on Hultslander, but not guilty of the assault on Luckie. Although there remained the necessity of the further trial of the defendant on his insanity plea, the trial judge immediately proceeded to fix the time for pronouncing judgment. He then thanked the counsel for the defense, appointed by him, for the able manner in which he had guarded the rights of the defendant, and, turning to the jury, he said: "And you, gentlemen of the jury, I wish, on behalf of the People of the State of California, to commend you for your courageous and faithful work in this case in rendering a verdict which, undoubtedly, is the correct one." Counsel for the defense then called the attention of the court to the matter of the

further trial of the defendant, and the court promptly designated the same jury to try that issue. He also told the jury to disregard his remarks as having no bearing on the question of the defendant's insanity about to be submitted to them. Although the defendant and his counsel were present in court at the time, no exceptions were taken to the remarks of the court, but, on the following day, before proceeding with the trial of the insanity plea, counsel for the defendant, "for the purpose of the record," cited the remarks "as prejudicial to the substantial rights of the defendant." The court thereupon, and at considerable length, stated to the jury that what had been said on the previous day should not "bear in any way directly, or indirectly, upon whether the defendant in this case was sane or insane at the time" of the commission of the offenses.

The consensus of opinion of the majority of the members of this court is that the remarks of the trial judge in thus commending the jury were highly prejudicial to the rights of the defendant, and were of such a nature that their effect could not be erased and was not removed by the subsequent statement of the court. While there is substantial evidence tending to support the findings of the jury that the defendant was not so insane at the time of the commission of the offenses as to fail to know the distinction between right and wrong, there is a material conflict in the testimony on that point. The appearance and demeanor of the defendant during the days of the trial were no doubt observed by the jurors, and the immediate circumstances and the events leading up to the homicide were such as to indicate that the defendant might have been insane at the time he committed the acts charged. While it is true that, under the present procedure, all question of the insanity of the defendant at the time of the commission of the offenses charged was removed from the consideration of the jury during the trial of the issue raised by the plea of not guilty, the minds of the jurors should not have been subjected to the influence of the opinion of the trial judge. It is common knowledge that jurors are most anxious to ascertain, if possible, the ideas of the judge upon the bench during the trial of causes. The trial court's statement to the jury of his approval of the rendition of the verdict of guilty brought satisfaction to the jurors with their action, and they thus entered upon the

trial of the second issue of the defendant's case knowing that the trial judge was satisfied of the guilt of the defendant. Under such circumstances, but one conclusion can be drawn, and that is that the remarks of the trial court were highly prejudicial and cast an undue burden on the defendant, who was compelled to prove, by a preponderance of the evidence, that he was insane at the time of the homicide.

The order denying defendant's motion for a new trial and the judgment of the court are, and each is, reversed and a new trial is ordered.

PRESTON, J., Concurring.—I concur in the judgment but not in the reasoning pursued to reach this result. The opinion treats merely a symptom, overlooking the disease itself. It is not at all likely that the remarks of the court had anything to do with the verdict. The fact is that the plea of insanity has been destroyed. The first trial is the effective proceeding. The second hearing is colorless and may as well be omitted altogether. The defendant is convicted irrevocably by the first trial where the evidence of insanity so far as possible is excluded. I said in my dissent in *People* v. *Leong Fook*, *ante*, p. 78 [273 Pac. 779], that innocent people would be convicted under this procedure. The case before us is confirmation of that statement. A demented man has been convicted and sentenced to suffer the extreme penalty.

Rehearing denied.

All the Justices concurred.