[Crim. No. 1779. Second Appellate District, Division Two.—May 29, 1929.]

THE PEOPLE, Respondent, v. J. W. MARSHALL, Appellant.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

CRAIG, J.—By information of the district attorney of San Diego County appellant was charged with having committed the crime of grand theft, in that he unlawfully and feloniously took from one U. L. Voris personal property

consisting of $550, lawful money of the United States, and it was therein further charged that he had twice previously been convicted of a felony. He pleaded not guilty of grand theft, and not guilty thereof by reason of insanity, and denied the two prior convictions, though the latter were thereafter admitted, and after a trial by jury he was found guilty of grand theft as charged. Thereupon the jury were discharged, and three days later and on January 17, 1929, the date fixed by the court for pronouncing sentence, a motion for a new trial was presented, which, on motion of the defendant, was set for hearing on January 19th. On the date last mentioned the hearing upon said motion was again continued until January 26th, at which time it was denied, and the defendant was sentenced to the state prison for the term prescribed by law, and remanded to the custody of the sheriff. The principal grounds of appeal are errors alleged to have occurred during the trial, and that he was not duly convicted of the crime charged against him.

It is first urged as a ground for reversal that the trial court had no authority to sentence the defendant without a jury trial upon the issue of sanity, as presented by his separate plea, under the provisions of section 1016 et seq. of the Penal Code. It is contended on the part of the People that appellant is not in a position to advance objection, because throughout the trial he made no reference to the remaining plea, and made no objection to the dismissal of the jury, or the continuance of the date of sentence, and that he did not attempt to show any cause why judgment should not be pronounced, other than to present a motion for new trial, and that when sentenced he made no objection thereto. The Penal Code provides five kinds of pleas to an indictment or information, including ''not guilty,'' and ''not guilty by reason of insanity.'' If the defendant does not plead guilty he may enter these two simultaneously or either separately. The plea of not guilty puts in issue every material allegation of the People's pleading, and upon such plea matters pertaining to a defense other than a former judgment of guilt or acquittal, once in jeopardy, and insanity, may be given in evidence. (Pen. Code, secs. 1016, 1019, 1020.) Section 1026 further provides:

''When a defendant pleads not guilty by reason of insanity, and also joins with it another plea or pleas, he shall first

be tried as if he had entered such other plea or pleas only, and in such trial he shall be conclusively presumed to have been sane at the time the offense is alleged to have been committed. If the jury shall find the defendant guilty, . . . then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried. . . . In such trial the jury shall return a verdict either that the defendant was sane at the time the offense was committed or that he was insane at the time the offense was committed. If the verdict or finding be that the defendant was sane at the time the offense was committed, the court shall sentence the defendant as provided by law. If the verdict be that the defendant was insane at the time the offense was committed, the court unless it shall appear to the court that the defendant has fully recovered his sanity shall direct that the defendant be confined in the state hospital for the criminal insane, . . . ; if, however, it shall appear to the court that the defendant has fully recovered his sanity such defendant shall be remanded to the custody of the sheriff until his sanity shall have been finally determined in the manner prescribed by law. . . . ''

Hence, in the event of dual pleas, followed by a conviction, the nature of the judgment is wholly dependent upon the verdict or finding of the jury as to the sanity of the accused. If found to have been sane when the offense was committed, sentence shall be pronounced as though no plea of insanity had been interposed. If the verdict or finding be that he was insane when he committed the offense, the court shall direct that he be confined in a state hospital, or remand him to the custody of the sheriff for further appropriate proceedings, accordingly as it shall judicially determine from his present condition at the time of trial.

 Upon the plea of not guilty no evidence of insanity is admissible. The question of insanity is not then in issue. (*People* v. *Leong Fook*, 206 Cal. 64 [273 Pac. 779].)

 Where a trial upon the issue of sanity is severed from that presented upon a plea of not guilty, to pronounce sentence without taking evidence upon the former would be as clearly without the jurisdiction of the court as if before any evidence had been introduced at the time of hearing upon the latter the proceedings were to be abruptly halted and sentence imposed.

■ The fact that the defendant did not object to such a proceeding would no more confer jurisdiction in one instance than in the other. Besides, it must be borne in mind that it is the policy of the law to safeguard the interests of the insane, and to that end to require the ascertainment of the fact that a person charged with crime was sane at the time of its commission. Where that issue is raised, before any penalty which might be imposed for a violation of the law can be so imposed, it is inconsistent with such a policy and with such principle that one whose sanity is in question can be held to have waived the right to have that issue tried and determined by failure to object to any action or proceeding until his sanity shall have been determined, and while that issue is still pending. It must be borne in mind that insanity is a complete defense to a criminal charge; that an act committed by an insane person, though otherwise unlawful, is not criminal, and that the law regards such a person as innocent even though he may otherwise have transgressed in a most serious manner. If insane, even though he be convicted, he may by proof of insanity, thus establish his innocence. ■ We think it is clearly the intent of the legislature in enacting section 1026 of the Penal Code to require a trial upon the issue of insanity either jointly with that upon the plea of not guilty, where both are interposed, or by separate hearings upon each issue, but which jointly constitute but one trial. ■ Where a plea of insanity is interposed as well as one of not guilty, notwithstanding a verdict of guilty upon the issue presented by the latter plea, until it shall have been determined that at the time of the commission of the offense the defendant was sane, the verdict is not complete nor is he found guilty for all purposes, but only upon condition that it be further decided that he was sane.

The ruling in *People* v. *Strickler*, 167 Cal. 627 [140 Pac. 270], argued in both briefs, is easily distinguishable from this one. It appeared that the defendant pleaded guilty after a former plea of not guilty, previous acquittal, and once in jeopardy, and asked for probation. It was not there denied that the defendant was possessed of his normal faculties, and it was expressly held that by petitioning for a conditional liberty he waived the special pleas.

■ It is next contended that the court erred in permitting the correction of a typographical error in the information by amendment. Although the information was filed on September 7, 1928, it erroneously charged the commission of the offense as of "the 22nd day of November, A. D., nineteen hundred and twenty-eight." The "eight" was stricken out, and the word "seven" substituted therefor, after the jury were sworn, and before any evidence had been offered. Section 1008 of the Penal Code provides that an information may be amended at any stage of the proceedings, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable continuance may be granted. No continuance was requested by appellant upon that ground, nor do we think the slight alteration under the circumstances in any manner prejudiced the rights of the defendant.

■■ The only remaining points presented consist of argument that the information insufficiently stated the offense attempted to be charged, that the district attorney was guilty of misconduct, and that the deputy sheriff in charge of the jury used coercion to obtain a conviction. There is no merit in either of these assertions. The sufficiency of the pleading was not questioned by demurrer, and in that regard the argument presented only goes to its certainty. The district attorney merely accounted for the absence of a certain check apparently mentioned in argument for the defendant, and the bailiff did no more than indicate to the jury when asked, the place where they would be quartered for the night in the event of a disagreement, and later, upon request of an unknown member of the jury that they be permitted to do so, told them that they had time for one more ballot before retiring. In this latter respect, it is stated that the jury stood eleven to one until the ballot last mentioned, whereupon a unanimous verdict of guilty was voted. The bailiff testified, however, that he "merely sanctioned whatever they wanted to do," and that there was no other conversation.

The judgment is reversed, and the case remanded for trial upon the issue presented by the special plea.

Works, P. J., and Thompson (Ira F.), J., concurred.