[Crim. No. 1813. First Appellate District, Division One.—March 28, 1935.]

THE PEOPLE, Respondent, v. MARIE PAPPENS, Appellant.

Chellis M. Carpenter for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Two informations were filed against the appellant, Marie Pappens, each containing four counts, two charging the crime of contributing to the delinquency of a minor, and two charging the crime of pandering. The informations involved different girls, aged seventeen and sixteen years, respectively. The causes were consolidated for trial and a jury found appellant guilty on each of the eight

counts. Execution of sentence was suspended in one case and concurrent sentences of imprisonment in the Female Department of San Quentin prison, at Tehachapi, were imposed in the other. From said judgments of conviction and the orders denying her motions for new trial she has taken this appeal.

The sufficiency of the evidence to sustain the convictions is not questioned, and therefore only so much thereof will be narrated as will be necessary to make clear the legal points urged for reversal. It appears therefrom that appellant conducted two places in San Francisco known as the Dahlia Hotel and the Asia Hotel, which were used partially or wholly for the purposes of prostitution. The latter hotel was located in the so-called oriental district and was frequented by Filipinos, Chinese and other orientals. The girls involved in the cases arrived in San Francisco from San Pedro early in January, 1934. They were practically penniless, and soon after their arrival they came in contact with appellant, through whose instrumentality they were placed in these houses as prostitutes. The older girl had been an inmate of the Asia Hotel before, during the preceding June, but the younger girl had never before practiced prostitution; and appellant placed her in the oriental district. Later this girl attempted suicide and. was taken to the detention home, and the disclosures she made there led to a police raid on the Asia Hotel. Among those arrested were the older girl, a maid employed by appellant, and two patrons. While the raid was in progress the maid phoned appellant; consequently appellant was waiting at the entrance of the jail when the police arrived with those under arrest, and she furnished bail for the immediate release of the maid and the two patrons, but not for the girl. She told her not to worry, that she would obtain her release the next morning. The following day she again visited the girl at the city prison and told her that she too was about to be arrested; that the younger girl had revealed everything to the authorities; and the older girl was instructed to deny having any acquaintanceship whatever with the younger girl. Eventually, however, the older girl, too, unfolded the entire story of appellant's activities.

Appellant's first point relates to the rulings of the trial court sustaining objections to the questions asked by

counsel for appellant on cross-examination of the two girls, whereby appellant sought to show that the girls knew they were violating the law by engaging in acts of prostitution and that they could be prosecuted therefor. We find no error in the rulings. Obviously such knowledge on their part could not exculpate appellant from criminal responsibility for the illegal acts she was charged with having committed. Counsel contends, however, that the testimony would have shown ''a state of mind'' on the part of the girls tending to affect their credibility as witnesses in that the jury might infer therefrom that the girls would likely swear falsely against appellant in order to escape being prosecuted for the offenses they had committed. The answer to this contention is that both the trial court and the assistant district attorney repeatedly informed counsel there would be no objection to cross-examining said witnesses fully as to whether either had been promised immunity from prosecution, or that leniency would be extended if they were prosecuted; and counsel expressly refused to ask any questions upon that subject. The portion of the decision in *People* v. *Pantages,* 212 Cal. 237 [297 Pac. 890], relied on by counsel in support of his contention is not in point for the reason that it is based on facts essentially different from those here involved.

■ Appellant complains also of the trial court's adverse rulings upon a series of questions propounded to the two girls on cross-examination, and to one of appellant's witnesses on direct examination, whereby appellant sought to show that the older girl during her residence in San Francisco lived part of the time under an assumed name at different places with a man as his wife. And in furtherance of the contention that such rulings were improper appellant cites a number of authorities from other jurisdictions including the federal jurisdiction. Irrespective of whatever rule prevails in those jurisdictions, it is well settled in this state that a witness may not be impeached by evidence of particular wrongful acts; and that it is improper to cross-examine with reference to such matters, except, of course, it may be shown that the witness has been convicted of a felony. (See 27 Cal. Jur. 132, and cases cited.) Therefore the rulings complained of were not erroneous.

■ Also on cross-examination of the girls counsel for appellant sought to elicit testimony showing that the younger girl lived at several different places and that some of the changes were made by her at the instance of the older girl. The object of such testimony was to show, so it was contended, that the immoral activities of the younger girl were due entirely to the encouragement of the older girl and not to any persuasion on the part of appellant. There was no error in the trial court's ruling excluding such testimony. Under the provision of the statute prohibiting pandering it is a crime to procure for a female person a place in a house of prostitution, as well as to persuade a female person to become an inmate of a house of that character. Here appellant was not charged with having persuaded or encouraged this girl to become a prostitute or to become an inmate of a house of prostitution. The substance of the four counts was that she procured a place in a house of prostitution for the girl and allowed and permitted her to remain there. It was immaterial, therefore, so far as appellant's guilt was concerned, who actually solicited or encouraged the girl to become a prostitute.

■ Nor did the court err in excluding the hospital records which appellant sought to introduce showing that in March the younger girl was treated for a sexual disease. The date of such hospital treatment in no way conflicted with the dates of the specific acts appellant was charged with having committed; furthermore, it would appear that the effect of such evidence if admitted would have operated more to appellant's prejudice than to her advantage.

■ Appellant makes objection also to the concluding sentence of one of the several instructions which the court gave, contending that such sentence was in effect a "peremptory challenge to convict", and that no corresponding instruction ending with a peremptory challenge to acquit was given. The record does not support the latter part of such contention. Moreover, the entire instruction was hypothetical in its wording, and therefore in its entirety was not misleading. (8 Cal. Jur. 323.) ■ And the court was justified in refusing to give appellant's instruction number seventeen. It purported to be based on certain language found in the decision in *People* v. *Cimar,* 127 Cal. App. 9 [15 Pac. (2d) 166, 16 Pac. (2d) 139]; but it is evi-

dent that the language referred to was used therein in an argumentative sense and was not intended as the declaration of a legal principle; and the proposed instruction did not correctly convey the true meaning thereof.

Nor do we find anything in the conduct of the assistant district attorney during the trial of the case or in his argument to the jury which calls for a reversal of the judgment; furthermore, at no time during the course of the trial did appellant object thereto or assign the same as misconduct; consequently, under the well established rule, objection thereto cannot be made for the first time on appeal.

On the first day of the trial of the case it developed that some of the dates set forth in one of the informations on which it was alleged the acts constituting the crimes were committed, were inaccurate; whereupon the assistant district attorney stated that at the close of the evidence he would ask leave to amend by inserting the correct dates. Counsel for appellant made no objection, but the next day, at the conclusion of the evidence, when the amendments were about to be made, counsel did object and the court overruled the objections. The trial court's ruling was not erroneous. As held in *People* v. *Anthony*, 20 Cal. App. 586 [129 Pac. 968], and *People* v. *Marshall*, 99 Cal. App. 224 [278 Pac. 258], section 1008 of the Penal Code confers on a district attorney the authority to amend an information by changing the alleged date of the commission of the offense in cases where the precise date is not a material ingredient of the offense. The crimes here charged being pandering and contributing to the delinquency of a minor, the particular days of the month on which the acts constituting the crimes were committed was not important, so long as it appeared they were committed prior to the filing of the information. Moreover, counsel made no application for continuance on account of said amendments; and he has failed to point out on this appeal wherein appellant was prejudiced by permitting such amendments.

No substantial error in the trial of the actions being shown, the judgments of conviction and orders denying the motions for new trials are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1935.