[Crim. No. 463. Fourth Dist. Sept. 11, 1941.]

THE PEOPLE, Respondent, v. CHARLES W. MESSERLY, Appellant.

Vincent Whelan for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Appellant was accused by information of the crime of assault with a deadly weapon. He pleaded not guilty and not guilty by reason of insanity, and expressly waived the appointment of an alienist from the state hospital. Two other alienists were appointed by the court. The jury found appellant guilty of assault with a deadly weapon as charged. Thereafter the trial court ordered the trial to proceed before the same jury on the plea of not guilty by reason of insanity. After deliberating for more than a day the jury declared it was unable to agree upon a verdict. It was thereupon ordered discharged. Appellant moved to set aside the verdict of guilty of assault with a deadly weapon, which motion was by the court denied. The case was thereafter reset for trial on the second plea for February 3, 1941. Appellant waived the statutory time for trial and moved for continuances which were granted. On March 3, 1941, a new jury was sworn to try the issue of not guilty by reason of insanity. That jury returned its verdict finding appellant sane at the time of the commission of the offense as charged in the information. This appeal is from the judgment of conviction.

A brief *résumé* of the facts may be thus stated: On the night of October 22, 1940, appellant went to the home of his estranged wife. He had been separated from her for several months and had been negotiating for a reconciliation. He had been drinking for some time prior to his call at his wife's residence on the night in question. A married couple were visiting at her home on that night. Appellant appeared at the rear door of the home. Later appellant and appellant's wife were seen in the kitchen. Appellant was striking his wife up and down the back and over the shoulders with what afterwards proved to be an ice pick. Several of the stab wounds pierced her lungs, causing severe hemorrhages.

The ice pick was still in the appellant's hand at the time of the arrival of the investigating officers.

Appellant argues: (1) That it was error to try the insanity plea alone before a new jury, after the first jury had disagreed on this issue, and contends that he was also entitled to a retrial by the new jury of the question of his guilt or innocence of the offense charged. (2) That he did not have the benefit of two alienists as contemplated by section 1027 of the Penal Code. (3) The sufficiency of the evidence of appellant's sanity is also questioned.

 Section 1026 of the Penal Code gives the trial court discretion to try the second issue before the same or a different jury. Appellant admits that the first jury was justified in finding him guilty of assault with a deadly weapon and that the evidence was sufficient to sustain that verdict. No substantial right of the appellant can therefore be prejudiced by this action of the trial court. This section provides for such procedure and unless some fundamental right of the accused was taken away or the appellant has been in some manner prejudiced in the trial before the new jury on the second issue, the appellant's contention is without merit.

 Appellant argues that the question of the constitutionality of section 1026 of the Penal Code in allowing two different juries to pass upon these issues separately has never been determined by the higher courts of this state. It appears that counsel for appellant has cited and adopted the argument and authorities cited in the dissenting opinion in *People* v. *Marshall,* 209 Cal. 540, 551 [289 Pac. 629]. The majority opinion, however, rejected that argument and upheld the action of the appellate court in *People* v. *Marshall,* 99 Cal. App. 224 [278 Pac. 258], remanding the remaining issue presented by the special plea for trial before another jury. In the latter case the defendant entered a plea of not guilty and not guilty by reason of insanity and was convicted by a jury on the charge of grand theft. The jury was discharged. The trial court proceeded to pronounce judgment without submitting to that jury or another jury the remaining issue in reference to defendant's sanity.

*People* v. *Pokrajac,* 206 Cal. 259 [274 Pac. 63], on which case appellant also relies, may be authority supporting the right of a reviewing court to order a new trial on both issues where that court concluded that under the circumstances there appearing, a retrial as to both issues should be had.

(*People* v. *Marshall, supra,* at p. 543.) Neither case cited by appellant supports the argument that a retrial as to both issues must be had in all cases.

█ When there has been a failure of trial by disagreement of the jury, the status is the same as if there had been no trial. (*People* v. *Disperati,* 11 Cal. App. 469, 476 [105 Pac. 617].) The jury having disagreed in the instant case on the issue presented by the second plea, it was as if there had been no trial on that issue. The situation then presented is exactly the same as that presented in *People* v. *Marshall, supra,* where it was decided that it was proper to direct a trial upon the issue presented by the second plea alone without a retrial of the question of appellant's guilt or innocence of the offense charged. █ The same question as here presented was presented in *People* v. *Dawa,* 15 Cal. (2d) 393 [101 Pac. (2d) 498]. The appellant there was charged and found guilty of the crime of murder. He had entered two pleas, not guilty, and not guilty by reason of insanity. The jury returned a verdict of murder in the first degree without recommendation. In the report of that case the following appears on page 394:

"The trial upon the defendant's insanity plea then proceeded, as authorized by statute, before the same jury. In view of the ultimate inability of the jury to reach a verdict upon the issue raised by said plea, it was discharged and a new jury sworn to try the sanity issue . . . the jury returned a verdict finding the defendant sane at the time of the commission of the homicide. Under the verdicts and the law, the trial court had no alternative but to enter judgment imposing the extreme penalty."

The appeal in that case was an automatic appeal under Penal Code, section 1239, from a death penalty. It is not improper to assume, and of persuasive force to consider, that if any constitutional irregularity appeared in that case, the Supreme Court would not have affirmed the judgment in the language quoted above.

The question of the constitutionality of section 1026 of the Penal Code was fully discussed in *People* v. *Hickman,* 204 Cal. 470 [268 Pac. 909, 270 Pac. 1117].

██ The evidence was legally sufficient to support the verdict finding appellant guilty of the charge and finding him to be sane at the time of the commission of the crime.

No reason appears for another trial upon the same issue, nor does any constitutional prohibition or inherent right of appellant appear to have been violated by having submitted to a new jury the issue of appellant's plea of insanity. The question here presented has been determined adversely to appellant's contention by the Supreme Court of this state.

The only remaining question involves a request made by counsel for appellant that the court, due to the poverty of appellant, appoint a medical expert to "examine him and testify at the trial." Two alienists were appointed by the court and thoroughly examined the appellant. These alienists were fully cross-examined by counsel for appellant. No objections were made at the trial as to their qualifications. Such objections cannot now be raised for the first time on appeal. (*People* v. *Smith,* 96 Cal. App. 373 [274 Pac. 451].) In effect appellant was merely requesting the trial court to exercise its discretion and appoint a third alienist, which is permitted under the provisions of Penal Code, section 1027. We see no abuse of discretion in disallowing this request.

Judgment affirmed.

Marks, Acting P. J., concurred.