THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.*
FRANCISCO MARRERO SANTIAGO, Defendant and Appellee.

No. 14318. Argued April 3, 1950.—Decided April 25, 1950.

*Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellant. *Benicio Sánchez Castaño* and *R. Rivero Cervera* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The information herein was filed in the lower court on *March 29, 1948.* It alleged that the crime of murder in the first degree charged had been committed on *October 26, 1948.* The day of the trial, after the jury had been impanelled and when the defendant was being arraigned, the district attorney noticed an incongruence in the aforesaid dates and asked leave of court to amend the information in order to allege that the events had occurred on *October 26, 1947* and offered, and it was admitted, the bail bond given by the defendant on that date. The defendant objected and alleged in turn that the information did not state an offense and the court, based on the decision in *People* v. *Serrano,* 66 P.R.R. 431, overruled the motion of the district attorney, sustained the demurrer and ordered the dismissal of the action, granting the district attorney ten days to file an amended information.

Feeling aggrieved by said order the district attorney appealed to this Court and alleges, as an only error, that committed by the lower court in not permitting him to amend the information and in ordering the dismissal of the action.

The *People* v. *Serrano* case, is easily distinguishable from the case at bar. It is true that we decided therein that a complaint which alleges the commission of an offense on a date subsequent to the date of the filing thereof does not state any public offense. We did not hold there that on motion of the district attorney an information or a complaint which, because of a clerical error of that nature, alleges that the events occurred on an impossible date, could not be amended. On the contrary it can be clearly inferred from said case that the decision would have been otherwise had the district attorney attempted to amend the complaint or offered evidence as to the date on which the crime was committed. It was the lower court in that case who, without it having been requested by the district attorney, and lacking any evidence, assumed the authority to ".... presume that the date which ought to have been alleged in the complaint, as to the year, should have been 1945 instead of 1946, in the absence of an amendment in the complaint to that effect," and that it could not do so because it was incumbent on the district attorney, when requesting the amendment, to show in what the error consisted, that it was purely clerical and that no question of prescription was involved.

This was precisely what the district attorney requested herein and he proved, with the bail bond, that the event had occurred prior to the filing of the information and that only a clerical error was involved. There was no question of prescription involved for it was an information of murder in the first degree.

Appellee argues that the question boils down to determining whether it was within the discretion of the lower court to permit or deny the amendment sought by the district attorney and that for the purpose of this case he admits that the court was entitled to do so "if the error is not substantial" but of form. He admits that as to this question the decisions are divided and he maintains that the lower court did not abuse its discretion in refusing the amendment.

In view of the attendant circumstances herein [1] we think that the lower court erred in refusing the amendment to the information. It was proved that the error in the date was of form and not substantial. To allege the commission of an offense on an impossible date, that is, on a date subsequent to the filing of the information, is to state no offense at all. *People* v. *Serrano, supra.* However, once it is shown that it was due to a clerical error, the court should permit the amendment and to refuse to do so constitutes an abuse of discretion. Of course, a continuance should always be granted if requested by the defendant on the ground that he is not prepared for trial under the amended information. *State* v. *Cooper,* 3 Pac. 429; *Elkins* v. *State,* 233 Pac. 491; *People* v. *Marshall,* 278 Pac. 258; *McKay* v. *State,* 132 N. W. 741; *State* v. *Leek,* 39 P. 2d 1091; *Rowland* v. *State,* 129 P. 2d 609; *Commonwealth* v. *Syren,* 27 A. 2d 504. We repeat that under the attendant circumstances the amendment sought in this case was not substantial—*People* v. *Matos,* 55 P.R.R. 177—and should have been permitted by the lower court.

The order appealed from will be reversed and the case remanded for further proceedings.

---

[1] The jury had been impanelled and the witnesses sworn.