[Civ. No. 16530. Fourth Dist., Div. One. Aug. 23, 1978.]

WILMA J. BROWN, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE NORTH COUNTY JUDICIAL
DISTRICT OF SAN DIEGO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

James B. Burns for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and George J. Du Borg, Deputy District Attorneys, for Real Party in Interest and Respondent.

**OPINION**

**THE COURT.**\*—Wilma J. Brown appeals the denial of her petition for a writ of prohibition to restrain the San Diego Municipal Court from retrying her on a charge of driving under the influence of alcohol (Veh. Code, § 23102, subd. (a)). An earlier trial resulted in a mistrial after a hung jury. ██ She contends Penal Code sections 1140, 1141, 1150 and 1151, requiring unanimous acquittal, violate the United States and California Constitutions.

Brown states she does not base her petition on double jeopardy grounds. She argues the necessity of unanimity for conviction (see *Johnson* v. *Louisiana,* 406 U.S. 356 [32 L.Ed.2d 152, 92 S.Ct. 1620]) does not mean unanimity for acquittal is necessary and due process does not require a unanimous verdict for acquittal. She further argues an acquittal rather than a mistrial is the proper remedy for less than unanimous jury verdicts.

---

\*Before Brown (Gerald), P. J., Staniforth, J. and Welsh, J.†

†Assigned by the Chairperson of the Judicial Council.

In *People* v. *Troche,* 206 Cal. 35, 43 [273 P. 767], the court stated: "Juries at the common law were not always the same, but, through changing conditions and gradual development, it came about that a jury for the trial of a cause was established to be a 'body of twelve men, . . . who, after hearing the parties and their evidence, and receiving the instructions of the court relative . . . and deliberating, . . . must return their unanimous verdict upon the issues submitted to them.' [Citations.] To the same effect . . . was the first definition of a trial jury adopted by the legislature in this state. . . ."

The *Troche* court went on to point out the definition of a jury remains the same other than striking "unanimous" which was done "to permit of a verdict by three-fourths of the jury in civil cases" and substituting "persons" for "men." This is the guarantee in the federal and state Constitutions (*id.,* at p. 44) as established by common law.

The sections of the United States and California Constitutions cited by Brown neither express nor imply a defendant has the right to be acquitted of a crime when a jury disagrees. The practice of discharging a hung jury and declaring a mistrial in a criminal case is long-established in United States and California courts. The jury's inability to reach a verdict is recognized as a reason for retrial by the Supreme Court in *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579 [6 L.Ed. 165] and more recently in *Brock* v. *North Carolina,* 344 U.S. 424 [97 L.Ed. 456, 73 S.Ct. 349]). California courts adhere to the same view (*People* v. *Doolittle,* 23 Cal.App.3d 14, 22 [99 Cal.Rptr. 810]).

Brown's second contention that retrials are coercive and violate constitutional rights of due process is unmeritorious. In no way is a retrial a device to compel a verdict other than in the sense any trial is a device to compel a verdict.

A new trial may, of course, be limited in issues if it takes place after a case has been tried once. A retrial denotes only that a case has been tried before and does not change any of the defendant's rights.

Where a jury fails to agree on a verdict it is the same "as if there had been no trial on that issue" (*People* v. *Messerly,* 46 Cal.App.2d 718, 721

[116 P.2d 781]; *People* v. *Doolittle, supra,* 23 Cal.App.3d 14, 18). The case may be reset for trial (*People* v. *Ham,* 7 Cal.App.3d 768, 775 [86 Cal.Rptr. 906]).

Order affirmed.