Filed 4/30/14  P. v. Bradley CA3
Opinion following rehearing

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C066837 |
| v. | (Super. Ct. No. 09F08772) |
| CHRISTOPHER BRADLEY, | |
| Defendant and Appellant. | |

During a traffic stop a police officer seized cash and cocaine from defendant Christopher Bradley's pants pockets and also seized methamphetamine from the center console of his car.  The trial court denied defendant's motion to suppress evidence of the seized items and the prosecution introduced the evidence at trial.

A jury convicted defendant of unlawfully transporting cocaine base (count two) and unlawfully transporting methamphetamine (count three).  In addition, the jury found

1

defendant not guilty of possession of methamphetamine for sale (count four) but guilty of the lesser included offense of unlawful possession of methamphetamine. The trial court sentenced defendant to six years in prison. On defendant's motion, the trial court bifurcated the trial on the allegation that defendant was previously convicted of a serious felony.

Defendant asserted in his appellant's opening brief that the trial court erred in (1) denying his motion to suppress evidence, (2) failing to conduct a trial on the allegation that defendant had a prior serious felony conviction, and (3) sentencing him without the benefit of a probation report. Regarding those contentions, we conclude (1) the trial court properly denied the suppression motion; (2) we will remand the matter to permit the trial court to clarify that it conducted a trial on the prior strike allegation and found the allegation true, or to conduct such a trial if one was not held on the allegation; and (3) we will remand the matter for resentencing and direct the trial court to obtain a current probation report which includes information about defendant's conduct while incarcerated during the pendency of this appeal.

After we filed our original opinion, defendant requested rehearing on whether recent amendments to Health and Safety Code sections 11352 and 11379 apply retroactively. Health and Safety Code sections 11352 and 11379 criminalize the transportation of specified controlled substances including cocaine base and methamphetamine. (Stats. 2000, ch. 8, § 5, p. 51; Stats. 2001, ch. 841, § 7, pp. 6870-6871.) Courts had interpreted the term "transport" to include transportation of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal App 4th 668, 673-677.) But effective January 1, 2014, the Legislature amended Health and Safety Code sections 11352 and 11379 to define "transports" as "transport for sale." (Health & Saf. Code, §§ 11352, subd. (c), 11379, subd. (c).) We granted defendant's petition for rehearing, vacated our original opinion,

2

and directed the parties to submit supplemental briefing on whether the amended statutes apply retroactively and require modification of the judgment.

We conclude that under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the amendments to Health and Safety Code sections 11352 and 11379 apply retroactively to defendant's benefit. We will reverse the convictions for unlawfully transporting cocaine base (count two) and unlawfully transporting methamphetamine (count three) and remand the matter for possible retrial of count two.

In all other respects, we will affirm the judgment.

BACKGROUND

City of Sacramento Police Officer Steven Davis stopped a car driven by defendant after observing that the car was missing a front license plate and had an expired registration tag. Defendant pulled over to the side of the road when Officer Davis activated his lights. Anthony Herman sat in the front passenger seat of the car.

Following routine practice, Officer Davis reviewed the identification of defendant and Herman. The officer learned that Herman was on parole for transportation of narcotics. Although he did not see defendant or Herman participate in any illegal drug transaction or make any furtive movement, Officer Davis decided to conduct a parole search.

A second officer arrived to assist Officer Davis. The second officer placed Herman in the back of a patrol car. A search of Herman's person yielded no evidence of illegal activity. Herman was subsequently released.

Officer Davis informed defendant that his car would be searched. He asked defendant to step out of the car. Defendant did not appear to be under the influence of a controlled substance. He was compliant and cooperative with the officer.

Before searching defendant's car, Officer Davis searched defendant for weapons because the officer intended to have defendant sit unrestrained on the curb during the search of defendant's car. During the pat search, Officer Davis felt objects in the coin

3

pocket of defendant's pants. He believed, based on touch, that the objects were rock cocaine. Officer Davis reached into defendant's pocket and retrieved a sandwich bag containing 17 pieces of individually wrapped objects. He used a NARTEC field test kit to confirm that the objects found in defendant's pocket were cocaine. He weighed the cocaine at the scene and determined that it weighed approximately 3.73 grams. Officer Davis also found approximately $223 in cash in the pocket of defendant's pants.

Officer Davis placed defendant in a patrol car and searched defendant's car. He found 1.62 grams of methamphetamine in a sandwich bag placed in a compartment cut into the center console of the car. He did not find pay/owe sheets, a scale, or any implement that could be used to ingest cocaine or methamphetamine.

Defendant told Officer Davis the illegal drugs belonged to him. He said the cocaine and methamphetamine were for his personal use and Herman had no knowledge about the illegal drugs. Defendant said the cash in his pocket was payment for work he performed on a car. But the prosecution's drug expert opined at defendant's trial that defendant possessed the cocaine and methamphetamine for sale.

A jury convicted defendant of unlawfully transporting cocaine base (Health & Saf. Code, § 11352 -- count two) and unlawfully transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a) -- count three). The jury found defendant not guilty of possession of methamphetamine for sale (Health & Saf. Code, § 11378 -- count four) but guilty of the lesser included offense of unlawful possession of methamphetamine (Health & Saf. Code, § 11377). The jury was deadlocked on the count for possession of cocaine base for sale (Health & Saf. Code, § 11351.5 -- count one), and the trial court declared a mistrial as to that count.

## DISCUSSION

### I

Defendant challenges the denial of his Penal Code section 1538.5 motion to suppress the evidence seized during the search of his car and person. Defendant argues

4

(A) Herman's parole status did not justify the search of the center console compartment of defendant's car because Herman did not have access to or control over that compartment; (B) the pat search was constitutionally impermissible because there was no reasonable basis for suspecting that defendant might be armed and dangerous; and (C) this court may not consider the doctrine of inevitable discovery and the search incident to arrest exception to the warrant requirement because (i) the People did not prove that the search of the center console compartment was lawful pursuant to Herman's parole status and (ii) Officer Davis did not have probable cause to arrest defendant after he discovered the sandwich bag in the center console compartment.

Challenges to the admissibility of evidence obtained by a search or seizure are evaluated under federal constitutional standards. (*People v. Schmitz* (2012) 55 Cal.4th 909, 916 (*Schmitz*).) The Fourth Amendment to the United States Constitution protects an individual's right to be secure in his or her person against unreasonable searches and seizures. (U.S. Const., 4th Amend.; *Terry v. Ohio* (1968) 392 U.S. 1, 8-9 [20 L.Ed.2d 889, 898-899] (*Terry*).) The central inquiry under the Fourth Amendment is the reasonableness under all of the circumstances of the particular governmental invasion of a defendant's personal security. (*Terry,* at p. 19 [20 L.Ed.2d at p. 904].) A defendant may move to suppress evidence obtained as the result of an unreasonable search or seizure. (Pen. Code, § 1538.5, subd. (a)(1)(A).)

In reviewing the trial court's denial of a suppression motion, we consider the record in the light most favorable to the trial court's disposition and defer to the trial court's factual findings, if supported by substantial evidence. (*People v. Tully* (2012) 54 Cal.4th 952, 979.) Any conflicts in the evidence are resolved in favor of the trial court's order. (*People v. Limon* (1993) 17 Cal.App.4th 524, 529.) If " ' "the evidence is uncontradicted, we do not engage in a substantial evidence review, but face pure questions of law." [Citation.]' " (*Ibid.*) We exercise our independent judgment to determine whether, on the facts found, the search or seizure was reasonable under the

Fourth Amendment.  (*People v. Tully, supra,* 54 Cal.4th at p. 979.)  And we will affirm the trial court's ruling if correct on any theory of applicable law, even if for reasons different than those given by the trial court.  (*People v. Evans* (2011) 200 Cal.App.4th 735, 742; *People v. Hua* (2008) 158 Cal.App.4th 1027, 1033.)

A

Defendant first argues that Herman's parole status did not justify the search of the center console compartment of defendant's car.

Defendant concedes it was proper for Officer Davis to stop defendant's car for observed traffic violations.  (*People v. Saunders* (2006) 38 Cal.4th 1129, 1136; *Arizona v. Johnson* (2009) 555 U.S. 323, 327 [172 L.Ed.2d 694, 700].)  Defendant also does not challenge Officer Davis's request for identification information.  (*Saunders, supra,* 38 Cal.4th at p. 1137; *People v. Vibanco* (2007) 151 Cal.App.4th 1, 5, 13-14.)  A records check revealed that Herman was a parolee who was subject to search.  (*Schmitz, supra*, 55 Cal.4th at p. 922, fn. 13 [an officer's knowledge of a parolee's status is equivalent to knowledge that parolee is subject to a search condition].)  Herman was on parole for transportation of cocaine base.  Defendant does not dispute that Officer Davis was authorized to search Herman based on his parole status.  (Pen. Code, § 3067, former subd. (a) [every parolee is subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause]; *Schmitz, supra*, 55 Cal.4th at p. 916 [California's parole search clause is an exception to the constitutional requirement of a warrant].)  But defendant asserts that Herman's parole status did not justify the search of the center console compartment of defendant's car because Herman did not have access to or joint control or possession over that compartment.

*Schmitz, supra,* 55 Cal.4th 909 controls our analysis.  *Schmitz* held that the Fourth Amendment permits the search of those areas of the passenger compartment of a car where an officer reasonably expects that a parolee could have stowed personal belongings

6

or discarded items when aware of police activity. (*Schmitz, supra,* 55 Cal.4th at pp. 913, 926.) "Within these limits, the officer need not articulate specific facts indicating that the parolee has actually placed property or contraband in a particular location in the passenger compartment before searching that area. Such facts are not required because the parole search clause explicitly authorizes a search 'without cause.' [Citations.]" (*Id.* at p. 926, italics omitted.) The search of areas in the vehicle where the officer reasonably expects that the parolee could have placed items is supported by the state's substantial interest in supervising parolees, a driver's reduced expectation of privacy when he or she allows others to ride in his or her car, and the fact that a passenger in a standard passenger automobile generally has ready access to areas other than the seat the passenger occupies. (*Id.* at pp. 923-927.)

Here, substantial evidence supported the trial court's finding that the center console area of defendant's car was accessible to Herman. Herman was seated in the front passenger seat of defendant's car. The methamphetamine was found in a compartment within the center console, which was located between the driver and front passenger seats. Herman could access the compartment from where he was seated.

Officer Davis testified it was common for people to conceal things in the center console. The top of the compartment where Officer Davis found the methamphetamine was not "on there very well," and the location of the compartment was obvious. Although a defense witness who observed the interior of defendant's car about six months following defendant's arrest testified that the location of the center console compartment was not obvious, the trial court credited Officer Davis's testimony about the center console compartment over the contrary testimony of the defense witness. We do not disturb the trial court's resolution of factual conflicts. (*People v. Tully, supra,* 54 Cal.4th at p. 979.) In addition, the center console compartment was not closed off and there were no facts showing that only the driver of the car (i.e., defendant) controlled access to the center console compartment, such that Herman could not reasonably be

expected to place items in that compartment. (*Schmitz, supra,* 55 Cal.4th at pp. 926, fn. 16 & 930, fn. 22 [stating that the rule permitting a search of those areas where the officer reasonably expects the parolee could place items does not necessarily authorize the search of closed-off areas].)[1]

There are no facts showing that the center console compartment of defendant's car was so distinct in nature -- like the woman's purse at issue in *People v. Baker* (2008) 164 Cal.App.4th 1152, 1159-1160, a case defendant cites -- as to preclude a finding that Herman could have placed his belongings in the compartment. The center console of a car has not been recognized as "an inherently private repository for personal items" like a purse. (*Cardwell v. Lewis* (1974) 417 U.S. 583, 590 [41 L.Ed.2d 325, 335] ["One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects"]; *People v. Baker, supra*, 164 Cal.App.4th at p. 1159 ["a purse has been recognized as an inherently private repository for personal items"].)

On this record, Officer Davis lawfully searched the center console compartment based on Herman's parole status. (*Schmitz, supra,* 55 Cal.4th at pp. 926-927.) The trial court properly denied the suppression motion as to the methamphetamine found in defendant's car. Accordingly, we do not address the Attorney General's alternate argument that the search of defendant's car was a search incident to arrest.

B

---

[1] *State v. Williams* (1980) 48 Ore.App. 293, a case defendant relies on, does not require a different result. We are not bound to follow out-of-state decisions. (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 490.) In any event, the holding of *State v. Williams* is based on consent and the common authority theory. (*State v. Williams, supra,* 48 Ore.App. at pp. 297-298.) The California Supreme Court in *Schmitz* concluded that consent and the common authority rationale do not apply to a case involving a parole search of areas within a car where the parolee is a mere passenger. (*Schmitz, supra,* 55 Cal.4th at pp. 919-921, 929.)

Citing *Terry*, defendant argues that the pat search by Officer Davis violated the Fourth Amendment because, under the circumstances present, Officer Davis could not have reasonably believed defendant was armed and dangerous. We agree that the pat search cannot be justified under *Terry*.

Under *Terry,* Officer Davis may subject defendant to a pat search for weapons only if there were specific and articulable facts which, taken together with rational inferences from those facts, would lead a reasonably prudent person in the circumstances to believe that defendant may be armed and dangerous. (*Arizona v. Johnson, supra*, 555 U.S. at pp. 326-327 [172 L.Ed.2d at p. 700]; *Ybarra v. Illinois* (1979) 444 U.S. 85, 92-94 [62 L.Ed.2d 238, 246-247]; *People v. Superior Court* (1972) 7 Cal.3d 186, 206*; People v. Sandoval* (2008) 163 Cal.App.4th 205, 212-213; *People v. Dickey* (1994) 21 Cal.App.4th 952, 956.) The sole justification for a *Terry* search is to discover weapons or instruments that may be used to assault the police officer. (*Adams v. Williams* (1972) 407 U.S. 143, 146 [32 L.Ed.2d 612, 617].)

As the trial court found, there were no facts that could have led Officer Davis to reasonably believe that defendant might be armed or dangerous. Officer Davis did not testify that he suspected defendant might be armed. He did not see defendant make any movement which suggested that defendant was trying to hide something or that defendant would flee. Defendant complied with the officer's commands and was respectful. Defendant's refusal to consent to a pat search by itself did not form the basis for reasonable suspicion to conduct a pat search. (*In re H.H*. (2009) 174 Cal.App.4th 653, 656, 658.) Absent reasonable suspicion that defendant may be armed and dangerous, Officer Davis could not conduct a *Terry* pat search as a preliminary step to searching defendant's car without violating the Fourth Amendment. (*United States v. Sakyi* (4th Cir. 1998) 160 F.3d 164, 168-169; *United States v. Starks* (D.Mass. 2004) 301 F.Supp.2d 76, 86-87.)

We recognize that traffic stops are " 'especially fraught with danger to police officers' " and we "should not lightly second-guess a police officer's decision to perform a patdown search for officer safety." (*Arizona v. Johnson, supra,* 555 U.S. at p. 330 [172 L.Ed.2d at p. 702]; *People v. Dickey, supra,* 21 Cal.App.4th at p. 957.) However, *Terry* does not allow a generalized " 'cursory search for weapons' " or "a frisk for weapons on less than reasonable belief or suspicion directed at the person to be frisked." (*Ybarra v. Illinois, supra,* 444 U.S. at pp. 93-94 [62 L.Ed.2d at p. 247].) There is no evidence in the record that defendant might have been armed and dangerous. Because we conclude that the pat search did not comport with *Terry*, we do not consider defendant's further contention that Officer Davis exceeded the bounds permitted under *Terry* when he removed the sandwich bag from defendant's pocket.

The lack of reasonable suspicion that defendant might be armed and dangerous at the time of the traffic stop does not, however, require us to set aside the order denying defendant's suppression motion if, as we shall discuss in the next section, the search of defendant and the discovery of the cocaine and money in his pants pockets were inevitable after Officer Davis found methamphetamine in defendant's car.

C

We asked the parties to provide supplemental briefs addressing whether the doctrine of inevitable discovery -- in particular, whether Officer Davis would have lawfully searched defendant's person incident to an arrest after he found methamphetamine in defendant's car -- applied to authorize the search of defendant's person, and whether the factual basis for applying the inevitable discovery doctrine and the search incident to arrest exception to the warrant requirement was fully developed in the trial court. The requested supplemental briefs were filed.

Defendant argues that we may not consider the doctrine of inevitable discovery and the search incident to arrest exception to the warrant requirement because (i) the People did not prove that the search of the center console compartment was lawful

10

pursuant to Herman's parole status, and (ii) Officer Davis did not have probable cause to arrest defendant after he discovered the sandwich bag in the center console compartment.

We have already rejected defendant's first argument in a prior section and we will not repeat that discussion here. We turn to defendant's second argument, that Officer Davis lacked probable cause to arrest defendant.

Under the inevitable discovery doctrine, illegally seized evidence may be used if it would have been discovered by the police through lawful means, such as during a search incident to arrest. (*People v. Robles* (2000) 23 Cal.4th 789, 800.) "[T]he doctrine 'is in reality an extrapolation from the independent source doctrine: Since the tainted evidence would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered.' [Citation.] The purpose of the inevitable discovery rule is to prevent the setting aside of convictions that would have been obtained without police misconduct. [Citation.]" (*Ibid.,* italics omitted.) "The inevitable discovery exception requires the court ' "to determine, viewing affairs as they existed at the instant before the unlawful search, what would have happened had the unlawful search never occurred." ' [Citation.]" (*People v. Hughston* (2008) 168 Cal.App.4th 1062, 1072, italics omitted.) Although the prosecution did not argue that the pat search would have been made incident to defendant's arrest for transportation of methamphetamine (count three) and the Attorney General did not raise the issue on appeal, we can consider the application of the inevitable discovery doctrine to this case if the factual basis for the doctrine is fully set forth in the record. (*People v. Boyer* (2006) 38 Cal.4th 412, 449; *Green v. Superior Court* (1985) 40 Cal.3d 126, 137-139; *People v. Watkins* (1994) 26 Cal.App.4th 19, 30-31.) That is the case here.

Officer Davis decided to conduct a parole search of defendant's car before he searched defendant's person. There was probable cause to arrest defendant when, pursuant to the parole search, Officer Davis uncovered the sandwich bag in the center console compartment because the facts known to Officer Davis " 'would lead a [person]

11

of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that' " defendant committed the crime of transportation of methamphetamine (count three). (*People v. Harris* (1975) 15 Cal.3d 384, 389; *Ornelas v. United States* (1996) 517 U.S. 690, 696-697 [134 L.Ed.2d 911, 919] [question of whether probable cause for arrest existed under the facts is subject to independent appellate review].) In particular, the circumstantial evidence and reasonable inferences that may be drawn from the evidence established (1) the carrying or conveying (2) of a usable quantity (3) of a controlled substance (4) with knowledge of its presence and illegal character. (Health & Saf. Code, § 11379; *People v. Emmal* (1998) 68 Cal.App.4th 1313, 1316; *People v. Meza* (1995) 38 Cal.App.4th 1741, 1746.)

Defendant's car was moving prior to the traffic stop. Such movement satisfied the element of "transportation." (*People v. Emmal, supra*, 68 Cal.App.4th at p. 1317.) Regarding the "usable quantity" element, it was undisputed in the parties' trial court moving and opposition papers that the substance found in the center console compartment weighed at least 1.62 grams. That quantity was sufficient for an arrest for transportation of methamphetamine. (*Id.* at pp. 1315-1317 [991 milligrams of methamphetamine was sufficient to support transportation of methamphetamine conviction].) Officer Davis's opinion about whether 1.62 grams was a usable amount is irrelevant. (*Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033, 1045; *People v. Limon, supra*, 17 Cal.App.4th at p. 539.) Officer Davis subjected the substance found in defendant's car to a NARTEC field test and determined the substance was methamphetamine. As for the fourth element of the crime, defendant's knowledge of the presence and nature of the substance found in his car may be inferred from the presence of the methamphetamine in his car and the manner in which the methamphetamine was packaged and concealed. (*Rideout v. Superior Court* (1967) 67 Cal.2d 471, 475 [knowledge of the presence of narcotics and its illegal character may be shown by circumstantial evidence, such as the secreting of narcotics in a location accessible to the

12

defendants], 477 (dis. opn. of Peters, J.) ["The owner of a car . . . may be reasonably supposed to know what is in his [or her] car"].)

Pursuant to defendant's arrest, Officer Davis could have searched defendant's person. (*Rawlings v. Kentucky* (1980) 448 U.S. 98, 111 [65 L.Ed.2d 633, 645-646]; *United States v. Robinson* (1973) 414 U.S. 218, 235-236 [38 L.Ed.2d 427, 440-441]; *People v. Avila* (1997) 58 Cal.App.4th 1069, 1075; *People v. Guajardo* (1994) 23 Cal.App.4th 1738, 1742.) A search incident to arrest would have led to the discovery of the cash and bindles of cocaine in defendant's pockets.

Defendant claims the record is unclear as to when Officer Davis tested the substance found in his car, and Officer Davis may not have immediately known the substance was methamphetamine. We disagree. Officer Davis had training and experience in arresting suspects for offenses involving controlled substances. His testimony at the suppression hearing supported a reasonable inference that he tested the substance found in the center console compartment in the field, after he conducted the parole search of defendant's car. Officer Davis used a NARTEC field testing kit to determine that the substance found in defendant's pants pocket was cocaine before placing defendant in handcuffs and in the back of a patrol car. The officer subsequently searched defendant's car and found the substance in the center console compartment. He used a similar test on the cocaine to test the substance found in defendant's car and the substance tested was "Nar-tech positive methamphetamine." In addition, the substance was packaged in a sandwich bag, which Officer Davis testified was a common way to package illegal drugs; the bag was concealed in what appeared to be a compartment cut into the center console of defendant's car; defendant was in the company of a parolee who had previously been convicted for transportation of cocaine base; and Officer Davis suspected that Herman might have passed illegal drugs to defendant. The totality of these circumstances provided a reasonable basis for Officer Davis to suspect that the substance found in defendant's car was a controlled substance. There does not appear to be any

13

further evidence that could have been introduced to show that Officer Davis did not have probable cause to arrest defendant and that, upon defendant's arrest, Officer Davis would not have inevitably discovered the cocaine and money in defendant's pants pockets.

Accordingly, even if the trial court erred in finding that the pat search was justified by a concern for officer safety, the trial court properly denied the motion to suppress the evidence found in defendant's pants pockets because such evidence would have inevitably been discovered in the course of a search incident to defendant's arrest for transportation of methamphetamine.

II

Defendant next claims he was denied a trial on the allegation that he had a prior serious felony conviction (a prior strike) within the meaning of Penal Code section 1192.7, subdivision (c), and the trial court did not find beyond a reasonable doubt that the prior strike allegation was true.

The Attorney General says the record is unclear as to whether a court trial was held on the prior strike allegation after defendant and the People waived a jury trial for that issue. The Attorney General requests remand for the trial court to clarify whether it made a finding on the prior strike allegation.

A defendant has a right to a trial on the truth or falsity of the allegation that he or she had suffered a prior strike conviction. (Pen. Code, §§ 1025, 1158.) "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, . . . the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction." (Pen. Code, § 1158.)

There is no minute order or reporter's transcript of a trial on the prior strike allegation or of a finding by the trial court on that allegation. There is also no record that the trial court admitted any documents to prove a prior juvenile adjudication, criminal

14

conviction, or prison term.  (Cf. *People v. Pierson* (1969) 273 Cal.App.2d 130, 134 [finding no prejudice where the record was ambiguous about whether the trial court made a separate finding on strike priors, but where the trial court received into evidence documents which proved the priors and the defendant stipulated he was the person named in those documents].)  However, the record indicates the parties and the trial court proceeded as if the trial court had conducted a trial on the prior strike allegation and found such allegation to be true.

Because we cannot discern whether defendant was afforded a trial on the prior serious felony conviction allegation and whether the prosecution proved beyond a reasonable doubt that the prior strike allegation was true, we will vacate the judgment regarding the prior strike allegation and remand the matter.

III

Defendant also asserts that he was denied due process of law because the trial court sentenced him without obtaining a probation report.  The Attorney General agrees that the lack of a probation report rendered defendant's sentencing fundamentally unfair and that an updated probation report must be ordered for resentencing.

"At the time of the . . . verdict of guilty of any person over 18 years of age, the probation officer of the county of the jurisdiction of said criminal shall, when so directed by the court, inquire into the antecedents, character, history, family environment, and offense of such person, and must report the same to the court and file his report in writing in the records of such court."  (Pen. Code, § 1203.10.)  "No court shall pronounce judgment upon any defendant, as to whom the court has requested a probation report pursuant to Section 1203.10, unless a copy of the probation report has been made available to the court, the prosecuting attorney, and the defendant or his or her attorney, at least two days or, upon the request of the defendant, five days prior to the time fixed by the court for consideration of the report with respect to pronouncement of judgment.  The

15

report shall be filed with the clerk of the court as a record in the case at the time the court considers the report." (Pen. Code, § 1203d.)

The trial court requested a probation report but no report was received. It sentenced defendant without the benefit of a probation report. The judgment as to sentencing must, therefore, be vacated and the cause remanded for resentencing. (*People v. Conners* (2008) 168 Cal.App.4th 443, 456-457 [granting remand for resentencing and requiring an updated probation report where the probation report considered by the trial court was inadequate and "was, in effect, no probation report at all"].) On remand, defendant will be entitled to a current probation report, including information regarding his conduct while incarcerated during the pendency of this appeal. (*Id.* at p. 457.) Resentencing is also required in light of our conclusion in part IV of this opinion that the convictions on counts two and three must be reversed.

IV

Defendant contends that under *Estrada, supra,* 63 Cal.2d 740, the recent amendments to Health and Safety Code sections 11352 (transportation of cocaine base) and 11379 (transportation of methamphetamine) should be applied retroactively to reverse his drug transportation convictions. Defendant argues the jury necessarily found he did not intend to sell the methamphetamine found in his car. He says that, under the amended Health and Safety Code section 11379, his count three conviction for transportation of methamphetamine must be reversed. But he concedes the count two charge of transportation of cocaine base can be retried because the jury could not decide whether he intended to sell the cocaine found in his pants pocket.

The Attorney General agrees with defendant's contentions.

Among other things, Health and Safety Code sections 11352 and 11379 provide that any person who "transports" specified controlled substances including cocaine base and methamphetamine shall be punished by imprisonment. (Health & Saf. Code, §§ 11352 [and the predecessor version in effect at the time of the charged offenses and

16

conviction, Stats. 2000, ch. 8, § 5, p. 51], 11379 [and its predecessor version, Stats. 2001, ch. 841, § 7, pp. 6870-6871].)  Courts had interpreted the word "transports" to include transport of controlled substances for personal use.  (*People v. Rogers, supra,* 5 Cal.3d at pp. 134-135; *People v. Eastman, supra,* 13 Cal.App.4th at pp. 673-677.)  But the Legislature recently amended Health and Safety Code sections 11352 and 11379 to define "transports" as transport for sale.  (Health & Saf. Code, §§ 11352, subd. (c), 11379, subd. (c); Stats. 2013, ch. 504, §§ 1-2.)  Those amendments took effect on January 1, 2014, after defendant's conviction and sentencing.

The amended statutes do not contain saving clauses which evince the Legislature's intent that the amendments apply prospectively only.  According to the author, the purpose of the amendments was to limit felony drug transportation charges to individuals involved in drug trafficking.  (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 721 (2013-2014 Reg. Sess.) Apr. 15, 2013, coms.)  The amendments make it "expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell.  Under [the amendments], a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges.  However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation."  (*Ibid*.)  The amendments benefit a defendant by requiring proof of an additional element -- intent to sell -- for a felony drug transportation conviction, and by eliminating criminal liability for drug transportation in cases involving possession for personal use.  The parties agree that retroactive application of the amended statutes is consistent with the legislative intent of the amendments.  The parties also agree the amendments to Health and Safety Code sections 11352 and 11379 took effect when the judgment against defendant was not yet final.  (*People v. Rossi* (1976) 18 Cal.3d 295, 304 [the rule applies to any proceeding, which at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it].)

Under the present circumstances, we adhere to the well-established principle that "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final. (*Estrada, supra,* 63 Cal.2d at pp. 744, 748.) The rule articulated in *Estrada* applies to amendments which add to the elements of a crime or enhancement. (*People v. Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199; *People v. Todd* (1994) 30 Cal.App.4th 1724, 1728-1730; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68.) Under *Estrada,* defendant is entitled to the benefit of the amendments to Health and Safety Code sections 11352 and 11379. (*People v. Vinson, supra,* 193 Cal.App.4th at pp. 1197-1199; *People v. Todd, supra,* 30 Cal.App.4th at pp. 1728-1730; *People v. Figueroa, supra,* 20 Cal.App.4th at p. 68.) Accordingly, we will reverse the convictions on counts two and three.

On count four, the jury found defendant not guilty of possession of methamphetamine for sale but guilty of the lesser included offense of unlawful possession of methamphetamine. That verdict resolved whether defendant intended to sell the methamphetamine found in his car. (*People v. Montero* (2007) 155 Cal.App.4th 1170, 1175 [intent to sell is an element of the crime of possession for sale].) Defendant may not be retried on the count three charge of unlawfully transporting methamphetamine because the jury found the prosecution failed to prove he possessed the methamphetamine for sale.

Regarding the cocaine base found in defendant's pants pocket, however, the jury could not reach a verdict on the count one charge of possession of cocaine base for sale. Defendant does not challenge the propriety of the trial court's declaration of a mistrial on that count. Because the verdicts did not resolve whether defendant intended to sell the cocaine base, the count two charge of unlawfully transporting cocaine base is remanded for possible retrial. (Pen. Code, §§ 1140, 1141, 1160; *People v. Fields* (1996) 13 Cal.4th

18

289, 299-300 [defendant may be retried following a jury deadlock, without violating the constitutional prohibition against double jeopardy, under the doctrines of manifest necessity and legal necessity]; *Brown v. Municipal Court* (1978) 84 Cal.App.3d 180, 182-183 ["Where a jury fails to agree on a verdict it is the same 'as if there had been no trial on that issue' [citations]. The case may be reset for trial."]; *People v. Lovely* (1971) 16 Cal.App.3d 196, 200-203 [defendant may be retried after first trial ended in a hung jury].)

In light of our holding, it is not necessary to address defendant's equal protection claim.

## DISPOSITION

The judgment is reversed as to the count two conviction for unlawfully transporting cocaine base and the count three conviction for unlawfully transporting methamphetamine. The count two charge of unlawfully transporting cocaine base is remanded for possible retrial.

In addition, the judgment regarding the prior strike allegation is vacated, and the matter is remanded to the trial court. If the trial court conducted a trial and found the prior strike allegation to be true, the trial court shall reinstate its judgment. Otherwise, the trial court shall conduct a trial limited to whether the prior strike allegation is true.

The judgment regarding sentencing is also vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion. The trial court is directed to obtain a current probation report which includes information about defendant's conduct while incarcerated during the pendency of this appeal.

In all other respects, the judgment is affirmed.


                                                    MAURO                    , J.

We concur:


19

_____ROBIE_____, Acting P. J.


_____BUTZ_____, J.